ROBERT LEE BARNHILL, JR.; ROBIN RENEE BARNHILL AND ROBERT LEE BARNHILL, III v. PEGGY DUNCAN BARNHILL

No. 8316DC890

(Filed 5 June 1984)

**Husband and Wife § 12— separation agreement—forfeiture of life estate in residence**

The trial court's conclusion that defendant forfeited her life estate in a residence under the terms of a separation agreement giving defendant the right to use the residence for her lifetime solely for herself and her children and providing for termination of the life estate if the residence should be occupied as a residence by any other male person was supported by the trial court's findings that a male occupied the residence with defendant from 16 December 1981 to 5 January 1982 at which time defendant cooked his food and washed his clothes, that the male stayed overnight on at least one occasion, and that he received mail addressed to him at defendant's home.

ON writ of certiorari to review the judgment of *Ellis (B. Craig), Judge*, entered in District Court, ROBESON County, on 27 May 1982. Heard in the Court of Appeals 10 May 1984.

This is a civil action wherein plaintiffs seek to have the estate reserved for defendant in a certain deed declared forfeited.

After a trial, the judge made the following pertinent findings of fact and conclusions of law:

3. That on or about the 6th day of December, 1978, a certain agreement was entered into between the Plaintiff and the Defendant and that pursuant to said agreement the Plaintiff and the Defendant conveyed certain properties to Robbin Renee Barnhill and Robert Lee Barnhill, III with the following provisions contained in the Deed:

"The right and privilege of Peggy Duncan Barnhill to occupy and use said property as her residence and the residence of the parties of the second part is reserved for the lifetime of the said Peggy Duncan Barnhill or until her remarriage, but subject to restricted to the use of Peggy Duncan Barnhill, Robbin Renee Barnhill and Robert Lee Barnhill, III only, and specifically that no other male person shall occupy said dwelling as his residence. In the event of violation of said restriction by Peggy Duncan Barnhill her estate herein reserved shall be automatically forfeited and shall thereupon terminate."

4. That the separation agreement entered into by and between the Plaintiff and the Defendant contained the following language:

"It is contracted and agreed that the parties hereto will simultaneously with the execution of this Deed of Separation convey their residence and the lot upon which the same is located to their children, Robbin Renee Barnhill and Robert Lee Barnhill, III subject to the right of the said Peggy Duncan Barnhill to reside in said residence for her lifetime or until she remarries in the event said parties later divorce each other, provided and upon condition that she use the said residence solely for a residence for herself and her children and that the same shall not be occupied by any other male person. In the event said terms and conditions are violated then the privilege of the said Peggy Duncan Barnhill to occupy said residence shall automatically terminate."

5. That the home of the Defendant is located on the metes and bounds description contained in the Deed.

6. That the home of the Defendant was occupied by one Raymond Harry Williams, III on February 18, 1981, on March 3, 1981, on March 23, 1981 and on March 26, 1981. That the said Raymond Harry Williams, III occupied said dwelling with the Defendant, Peggy Duncan Barnhill from the 16th day of December, 1981 to the 5th day of January, 1982 at which time the said Peggy Duncan Barnhill cooked his food, washed his clothes and the said Raymond Harry Williams, III stayed overnight on at least one occasion. That the said Raymond Harry Williams, III had mail delivered to the home of the Defendant, Peggy Duncan Barnhill at said address in his own name.

CONCLUSIONS OF LAW

From the foregoing findings of fact the Court concludes as a matter of law:

1. That the terms of the Separation Agreement entered into between the Plaintiff, Robert Lee Barnhill and the Defendant, Peggy Duncan Barnhill, has been violated in that the residence occupied by Peggy Duncan Barnhill has been occupied by Raymond Harry Williams, III.

2. The privilege of the said Peggy Duncan Barnhill to occupy said residence shall automatically terminate.

3. The residence was occupied by Raymond Harry Williams, III as a residence.

4. That the provisions of the Deed have been violated in that said residence has been used for persons other than Peggy Duncan Barnhill, Robbin Renee Barnhill and Robert Lee Barnhill, III.

5. That by the acts of the said Peggy Duncan Barnhill her life estate in said property has terminated.

From a judgment decreeing that defendant's life estate be terminated and ordering defendant to pay costs of the action, defendant gave notice of appeal. We allowed defendant's petition for certiorari on 1 June 1983.

*C. S. McIntyre, Jr., and Page & Baker, by Richmond H. Page, for plaintiffs, appellees.*

*E. C. Bodenheimer, Jr., and Robert D. Jacobson, for defendant, appellant.*

HEDRICK, Judge.

Defendant's one assignment of error is set out in the record as follows:

> 1. That the trial court erred in ruling that Raymond Williams occupied and/or resided at the residence of Peggy Barnhill and the defendant submits that there was insufficient evidence submitted by the plaintiffs to prove by the greater weight of the evidence that Raymond Williams did either reside or occupy said residence.

This assignment of error purports to be based on exceptions to the court's denial of defendant's motion to dismiss, made at the close of plaintiffs' evidence, and to the judgment, announced in open court. In a case tried before the judge without a jury the court is required to make findings of fact as provided in N.C. Gen. Stat. Sec. 1A-1, Rule 52(a), North Carolina Rules of Civil Procedure. An exception to the denial of a Rule 41(b) motion "does not raise the question of whether the particular findings made by the court are supported by the evidence, but only the question of whether any findings could be made from the evidence which would support a recovery." *Pegram-West, Inc. v. Homes, Inc.*, 12 N.C. App. 519, 525-26, 184 S.E. 2d 65, 69 (1971). *See also Ayden Tractors v. Gaskins*, 61 N.C. App. 654, 301 S.E. 2d 523 (1983). Defendant's exception to the denial of her Rule 41(b) motion thus fails to raise the question of the sufficiency of the evidence to support the court's findings of fact. Because defendant did not except to the court's findings of fact, we will not review the evidence to see if it sufficiently supports the findings.

Defendant also excepted to entry of the judgment. Such an exception raises for review "the question whether the facts found support the conclusions of law and judgment entered." *Employers Insurance v. Hall*, 49 N.C. App. 179, 180, 270 S.E. 2d 617, 618 (1980), *cert. denied*, 301 N.C. 720, 276 S.E. 2d 283 (1981). In her brief defendant contends that the court's findings that Mr.

Williams "occupied said dwelling with the Defendant . . . from the 16th day of December, 1981 to the 5th day of January, 1982 at which time [defendant] cooked his food, [and] washed his clothes," that he "stayed overnight on at least one occasion," and that he received mail addressed to him at defendant's home were insufficient as a matter of law to support the court's conclusion that Mr. Williams occupied defendant's home "as a residence." We do not agree. We think these findings provide ample support for the conclusions of law and judgment entered by the trial court.

While we affirm the judgment declaring defendant's life estate forfeited, we note that our decision goes only to defendant's use of the property as a matter of right; her permissive use of the property is in no way affected by our holding today.

Affirmed.

Judges ARNOLD and PHILLIPS concur.