Joseph **MAINELLI**

v.

**PROVIDENCE JOURNAL COMPANY.**

Civ. A. No. 2800.

United States District Court
D. Rhode Island.
July 18, 1962.

Aram A. Arabian, Joseph Mainelli, Providence, R. I., for plaintiff.

Edward F. Hindle, Knight Edwards, Laurence J. Hogan, Providence, R. I., Edwards & Angell, Providence, R. I., of counsel, for defendant.

DAY, District Judge.

This matter is now before me for a determination, under the provisions of Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., of the sufficiency of the "First Defense" asserted in the defendant's answer to each of the four remaining counts of the plaintiff's complaint. As originally filed said complaint contained five counts, the fifth of which was dismissed by me upon defendant's motion for lack of federal jurisdiction. Mainelli v. Providence Journal Company, 1962, D.C.R.I., 201 F.Supp. 7. Said "First Defense" is that each of said four counts "fails to state a claim [against the defendant] upon which relief can be granted."

In his complaint the plaintiff alleges he is a citizen of the State of Rhode Island and that the defendant is a corporation incorporated under the laws of that State. He further alleges that jurisdiction of this Court "is founded on the existence of a federal question and the amount in controversy", and that "the action arises under the laws of the United States, to-wit, 28 U.S.C. 507 [sic] and 18 U.S.C. 1503 and comes within the purview of 28 U.S.C. 1331 as hereinafter more fully appears."

Count I charges in substance that the defendant did, on May 9, 1958, maliciously and corruptly endeavor to obstruct, impede, influence and intimidate him in the performance of his duties as United States attorney for the District of Rhode Island by the publication of a certain editorial, a copy of which is annexed to said complaint and incorporated therein by reference thereto. Count II charges in substance that the defendant did, on or about May 9, 1958, conspire with persons unknown maliciously to endeavor to obstruct, impede, influence and intimidate him in the performance of his official duties by the publication of said editorial. Count III in substance charges that the defendant did, on May 9, 1958, by the publication of said editorial

endeavor to procure the curtailment of the plaintiff's term of office and to effect his discharge, and Count IV in substance charges that the defendant conspired with persons unknown to procure the curtailment of the plaintiff's term of office and to effect his discharge by publishing said editorial.

Plaintiff contends that the alleged causes of action set forth in Counts I and II are predicated upon 18 U.S.C.A. § 1503 [1] and that those set forth in Counts III and IV are predicated on 28 U.S.C.A. § 507 [sic].[2]

It is clear that said Section 1503 is a criminal statute and that it provides only criminal penalties for its violation. It makes no mention of any civil remedy by a person claiming to have been damaged by its violation. Plaintiff has cited no authorities and my research has failed to disclose any federal decisional law to the effect that Congress intended by the enactment of said section to create a cause of action in favor of any person claiming to have been injured as a result of its violation. On the contrary, the only cases passing on this question hold that Congress did not intend to create any such cause of action in enacting said section. Hanna v. Home Insurance Company, 1960, 5 Cir., 281 F.2d 298; Odell et al. v. Humble Oil & Refining Co., 1953, 10 Cir., 201 F.2d 123. In Odell et al. v. Humble Oil & Refining Co., supra, the Court of Appeals held that said Section 1503 was enacted for the protection of the public and created no cause of action in favor of an individual who claims to

---

1. Section 1503 of 18 U.S.C.A. provides as follows:

"§ 1503. Influencing or injuring officer, juror or witness generally

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. Section 507 of 28 U.S.C.A. provides as follows:

"§ 507. Duties; supervision by Attorney General

"(a) Except as otherwise provided by law, it shall be the duty of each United States attorney, within his district, to:

"(1) Prosecute for all offenses against the United States;

"(2) Prosecute or defend, for the government, all civil actions, suits or proceedings in which the United States is concerned;

"(3) Appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to such officers, and by them paid into the Treasury;

"(4) Institute and prosecute proceedings for the collection of fines, penalties and forfeitures incurred for violation of any revenue law unless satisfied upon investigation that justice does not require such proceedings;

"(5) Make such reports as the Attorney General shall direct.

"(b) The Attorney General shall have supervision over all litigation to which the United States or any agency thereof is a party and shall direct all United States attorneys, assistant United States attorneys, and attorneys appointed under section 503 of this title, in the discharge of their respective duties."

be damaged by its violation, and said at page 127:

"Courts possess the power and it is their duty to interpret and determine legislative intent but in doing this we must not over-indulge or unduly speculate with respect to meanings not clearly reflected in the language of the statute. Courts are quick to find that the penal provisions of a criminal law making a crime of an act, which if committed at common law would give a cause of action, was not intended to be the exclusive remedy for a violation and that in the absence of clear language it was not the intent of Congress by the passage of such act to wipe out a civil cause of action one would have had for tort at common law for the commission of the prohibited act. But there should be clear and compelling reasons for holding in the absence of expressions in the law itself that one has a cause of action because of a violation of a criminal law passed for the protection of the public, when he would not have had such cause of action at common law for the same act.

"We accordingly conclude from a consideration of the authorities that where a penal act is passed for the benefit of a class a violation of the criminal statute resulting in injury to one of such class gives him a cause of action which he may assert in any court of competent jurisdiction, notwithstanding that no reference is made to such a right in the act, and also that where a cause of action exists at common law for the commission of a tort the passage of a penal statute in the interest of the public and providing for sanctions for its violation does not in the absence of clear language to the contrary wipe out such pre-existing common law action; but that where a penal statute is passed in the interest of the public, the commission of a violation of which did not give one injured thereby a cause of action at common law, no such cause of action arises in the absence of clear language evidencing a Congressional intent to give one injured thereby a cause of action in addition to the sanctions provided for its violation."

■■ In my opinion said Section 1503, being a penal statute passed in the interest of the public, does not create any federal cause of action in favor of any person claiming to have been damaged by another's violation of its provisions. If any cause of action exists in favor of such a person claiming to have been damaged thereby, it must be one existing under or created by state law over which this Court has no jurisdiction in the absence of diversity of citizenship. Consolidated Freightways, Inc. v. United Trunk Lines, Inc., 1954, 9 Cir., 216 F.2d 543; Jacobson v. New York, N. H. & H. R. Co., 1953, 1 Cir., 206 F.2d 153; Andersen v. Bingham & G. R. Co., 1948, 10 Cir., 169 F.2d 328, 14 A.L.R.2d 987.

■ Since said Section 1503 does not create a federal cause of action in favor on any person claiming to have been damaged by another's alleged violation thereof, it follows that each of said Counts I and II fails to state a claim upon which this Court could grant relief and they must be and are dismissed on that ground. Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912; Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

As hereinbefore recited, plaintiff alleges that the alleged causes of action set forth in Counts III and IV are predicated on 28 U.S.C.A. § 507. This assertion is probably due to inadvertence. In fairness to the plaintiff it appears from the allegations of Counts III and IV that he in fact contends that said counts are predicated upon 28 U.S.C.A.

<br/>

§ 504 [3] and not upon 28 U.S.C.A. § 507. Section 507 sets forth in detail the duties of each United States attorney in his District. Section 504 makes provision for the tenure of office of a United States attorney and also provides that each United States attorney 'shall be subject to removal by the President.

Section 504 makes no provision for the imposition of sanctions, civil or criminal, against any person who unlawfully attempts to curtail the term of office of a United States attorney or who attempts to interfere with the advantageous relationship enjoyed by a United States attorney by virtue of his appointment for a definite term. Clearly said section creates no federal cause of action in favor of the incumbent of such office against any person who is alleged to have endeavored or conspired with others to interfere with his enjoyment thereof. Here again, if any cause of action for damages for such attempted interference exists, it must be one existing under or created by state law over which this Court has no jurisdiction in the absence of diversity of citizenship. Consolidated Freightways, Inc. v. United Trunk Lines, Inc., supra; Jacobson v. New York, N. H. & H. R. Co., supra; Andersen v. Bingham & G. R. Co., supra.

Similarly, since each of said Counts III and IV fails to state a federal cause of action upon which this Court could grant relief, said Counts III and IV are also dismissed.

Judgment will be entered for the defendant.

3. Section 504 of 28 U.S.C.A. provides as follows:

"§ 504. Tenure and oath of office; removal

"(a) The United States attorney for each judicial district shall be appointed for a term of four years, except in the district of Hawaii, where the term shall be six years. Upon the expiration of his term a United States attorney shall continue to perform the duties of his office until his successor is appointed and qualifies.

"(b) Each United States attorney shall be subject to removal by the President. Each assistant United States attorney and each attorney appointed under section 503 of this title shall be subject to removal by the Attorney General.

"(c) Each of such officials, before taking office, shall take an oath to execute faithfully his duties."