**Steven D. WILLIS, Plaintiff-Appellant,**

v.

**Edward J. CRAIG et al., Defendants-Appellees.**

No. 75–2450.

United States Court of Appeals, Ninth Circuit.

June 14, 1977.

---

Joe R. McCray, argued, McCray & Roberts, San Francisco, Cal., for plaintiff-appellant.

Richard E. Dodge, McNamara, Lewis & Craddick, Walnut Creek, Cal., William T. McGivern, Jr., Deputy U.S. Atty., San Francisco, Cal., Robert E. Kopp, argued, Karen K. Siegel, Attys., Appellate Section, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before CHAMBERS and CHOY, Circuit Judges, and BELLONI,* District Judge.

PER CURIAM.

Plaintiff Willis was injured while working as a civilian employee of the United States Navy at the Concord Naval Weapons Station, Concord, California. After receiving benefits from the government under the Federal Employees Compensation Act,[1] he filed this negligence action against defendant Craig, the safety director of the weapons station.[2] Willis asserts federal enclave jurisdiction. 28 U.S.C. § 1331; U.S. Const. art. I, § 8, cl. 17.[3]

---

\* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

1. 5 U.S.C. § 8101, *et seq.*

2. Willis was injured when wet and frozen planks fell on him while he was removing the planks from a conveyor belt. He alleges that Craig, as safety officer, owed him a duty to provide for his safety, and breached this duty by failing to remedy the dangerous condition in which he was working.

Willis also pled a pendent malpractice claim against a treating physician. That claim is not involved in this appeal.

3. 28 U.S.C. § 1331(a) provides:
    "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under *the Constitution,* laws or treaties of the United States." (emphasis added).

In the court below, Craig moved to dismiss the action or for summary judgment on two grounds: (1) lack of subject matter jurisdiction; and (2) immunity. The trial court failed to resolve the jurisdictional issue, but instead entered summary judgment in Craig's favor, finding him to be immune under the standards enunciated in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed. 1434 (1959).

Willis appeals, and contends that *Barr* is either overruled or not applicable here.

■ Neither party discussed subject matter jurisdiction in either the original or reply briefs. Since this Court must raise the issue on its own, *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), we requested briefs on the subject at the time of oral argument.

■ We deem it inappropriate to proceed with the merits of the immunity question if the district court may have lacked jurisdiction. We have, therefore, thoroughly searched the record and have attempted to decide the question of jurisdiction. Because we find unresolved and disputed facts surrounding this question, we remand to the district court to make a finding regarding subject matter jurisdiction.[4]

To aid the district court upon remand, we highlight some of the deficiencies in the record:

The factual dispute centers on the question of just how the government acquired the property on which Willis was injured, and how it is being used. Article I, § 8, cl. 17 requires that the subject property be "... *purchased* by the Consent of the

Art. I, § 8, cl. 17 of the constitution provides in pertinent part:

"The Congress shall have Power . . .

. . . . . .

[t]o exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings . . . ."

"Exclusive legislation" in clause 17 has been construed to mean exclusive "jurisdiction" in the sense of exclusive sovereignty. *Surplus Trading Co. v. Cook*, 281 U.S. 647, 60 S.Ct. 455, 74 L.Ed. 1091 (1930).

Legislature of the State . . . for the Erection of Forts, *Magazines, Arsenals, dock-Yards, and other needful* Buildings . . . ." (emphasis added). Craig contended below that the shorelands on which Willis' accident occurred were acquired from the State of California in two condemnation actions. He submitted an affidavit in support of this theory, but did not file certified judgments from the condemnation actions. Craig also contended that the government's interest in the subject property is merely "proprietary" through a "navigational servitude", but did not really explain this theory.

Willis, on the other hand, submitted his attorney's affidavit together with a conclusory letter from the California State Land Commission which states:

After a review of the map submitted with your April 14 letter, it appears that your client was injured within an area ceded by the State to the United States under Chapter 81, Statutes of 1897 . . ..

The map relied upon by the land commission, however, is not even in the record.

Obviously, none of the above "facts" regarding jurisdiction are conclusive, or even that persuasive. Willis' accident either occurred on property "purchased" for one of the enumerated uses, or it occurred on other property. If it occurred on the former, enclave jurisdiction is proper. If it did not, the district court lacks subject matter jurisdiction. We think that the parties can provide conclusive facts to aid the district court in making this determination.

4. We have no quarrel with the propriety of enclave jurisdiction in this case (if the facts support it), even though the state courts may have concurrent jurisdiction. The best reasoning on this issue is found in *Mater v. Holley*, 200 F.2d 123 (5th Cir. 1952). The court below may also want to consult a recent article on the subject of enclave jurisdiction which brings a sense of coherence to this confusing jurisdictional issue: R. Altieri, *Federal Enclaves: The Impact of Exclusive Legislative Jurisdiction Upon Civil Litigation*, 72 Military L.Rev. 55 (1976).

REMANDED: The summary judgment should be vacated and proceedings held consistent herewith.