EMPLOYERS INSURANCE OF WAUSAU v. WADE HALL

No. 8028DC218

(Filed 7 October 1980)

**Criminal Law § 101; Torts § 1– civil damages for crime of embracery**

　　A person who commits a criminal act of embracery is liable in civil damages to one who is damaged thereby, and the trial court properly entered a judgment of $1,820 for plaintiff insurer against defendant for damages caused by defendant's act of embracery where the evidence tended to show that plaintiff provided liability insurance coverage for a hospital; a suit was brought against the hospital and plaintiff provided it with a defense; during the trial defendant, an attorney, personally contacted a juror and attempted to influence her verdict in the case; a mistrial was declared; defendant thereafter pled guilty to the common law felony of embracery and was sentenced to prison; by reason of defendant's conduct, plaintiff lost the value of the time its attorneys spent in defending the lawsuit; and plaintiff's attorneys charged $45 per hour and worked approximately 54 hours on the case.

APPEAL by defendant from *Israel, Judge.* Judgment entered 29 August 1979 in District Count, BUNCOMBE County. Heard in the Court of Appeals 28 August 1980, at Waynesville, North Carolina.

Plaintiff insurance company issued a policy providing Memorial Mission Hospital of Western North Carolina, Inc. with liability insurance coverage, which included the obligation to defend claims brought against the hospital. James D. Caldwell sued the hospital and plaintiff undertook to defend it under the terms of the policy.

After six and one-half days of trial in Superior Court of Buncombe County before a jury, the presiding judge declared a mistrial. The mistrial resulted from the conduct of defendant Hall and others, who were not parties to the lawsuit, in contacting a juror serving on the case and attempting to influence the juror's verdict.

Plaintiff now brings this suit to recover legal expenses allegedly incurred by reason of defendant's acts. After trial without jury, the court made findings of fact and conclusions of law, and entered judgment for plaintiff in the amount of $1,820. Defendant Hall appeals.

*Morris, Golding, Blue & Phillips, by James N. Golding, for plaintiff appellee.*

*Swain & Stevenson, by Joel B. Stevenson, for defendant appellant.*

MARTIN (Harry C.), Judge.

On appeal, defendant argues the court erred in awarding substantial damages to plaintiff when all the evidence showed that the tortious act of defendant did not result in any monetary loss to plaintiff.

This case was tried by the judge without a jury. Defendant made no exceptions to any of the court's findings of fact or conclusions of law. Therefore, the findings of fact are deemed to be supported by competent substantial evidence and are conclusive upon appeal. *Brown v. Board of Education,* 269 N.C. 667, 153 S.E. 2d 335 (1967); *In re Vinson,* 42 N.C. App. 28, 255 S.E. 2d 644 (1979); *Ply-Marts, Inc. v. Phileman,* 40 N.C. App. 767, 253 S.E.2d 494 (1979). Defendant argues that the evidence is insufficient to sustain the findings of fact. Because of his failure to except to any of the findings, this question is not before us. *Brown v. Board of Education, supra.*

By his exception to the entry of the judgment, the defendant does raise the question whether the facts found support the conclusions of law and judgment entered. *Hinson v. Jefferson,* 287 N.C. 422, 215 S.E.2d 102 (1975); *Russell v. Taylor,* 37 N.C. App. 520, 246 S.E.2d 569 (1978). We hold that they do.

The court found that plaintiff issued the policy protecting the hospital and requiring plaintiff to defend actions brought against its insured. A suit was brought against the hospital and plaintiff provided it with a defense. During the trial, defendant Hall, then an attorney of the bar of North Carolina, personally contacted a juror empanelled on the case being tried and attempted to influence her verdict in the case. Thereafter, Hall pleaded guilty to the common law felony of embracery and was sentenced to prison. His law license was subsequently suspended. By reason of Hall's unlawful conduct, plaintiff lost the value of the time its attorneys spent in defending the lawsuit. Plaintiff's attorneys charged $45 per hour and worked approximately fifty-four hours on the case. Judgment for $1,820 was entered against defendant. The court did not award any puni-

Pigford v. Bd. of Adjustment

tive damages against Hall. The above findings support the judgment.

Defendant contends he is not responsible in civil damages for the act of embracery. We reject this argument and hold that a person who commits an act of embracery is liable in civil damages to one who is damaged thereby. 29A C.J.S. Embracery § 10 (1965). Surely an act so abhorrent to the fair administration of justice requires that the perpetrator pay the full measure for his acts, both to society in the form of criminal punishment and in civil damages to individuals who suffer from his actions. The crime strikes to the foundation of law and shatters the very bedrock of justice.

In North Carolina, "[E]very person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; ..." N.C. Const. art. I, § 18. Plaintiff has suffered an injury because of defendant's criminal act. Damages therefore are recoverable.

The judgment of the trial court is

Affirmed.

Judges CLARK and HILL concur.