[No. B001441. Second Dist., Div. Four. July 12, 1984.]

ROGER TRUDELL, Plaintiff and Appellant, v.
THOMAS HEILMAN et al., Defendants and Respondents.

252

COUNSEL

Roy Penuela, Moriarity, Baldwin & Hart, John L. Moriarity and Marc J. Poster for Plaintiff and Appellant.

Knapp, Petersen & Clarke, Christopher P. Wesierski, Gwen Freeman, Grace, Neumeyer & Otto, Richard A. Neumeyer and Glenn A. Brown, Jr., for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—This is an action for damages for "embracery" and emotional distress, brought by the plaintiff in a former action for personal injury, against one of the defendants in that action and one of the jurors in that action. The trial court sustained, without leave to amend, a demurrer to that complaint. Plaintiff has appealed; we affirm.

The gist of plaintiff's complaint is stated as follows:

"4. On or about July 22, 1982, Defendants, and each of them, conspired to deprive Plaintiff of his full and fair day in court and of a fair jury verdict in the negligence action. On the day the jury began deliberations, Defendants THOMAS HEILMAN and ROBERT SOULE met surreptitiously during lunchtime [*sic*] and secretly discussed the trial of the case. With wrongful and illegal intent to corrupt and unjustly influence the verdict in the case, Defendant THOMAS HEILMAN told Defendant ROBERT SOULE he was a poor man who could not afford to pay a large judgment and otherwise persuaded and influenced Defendant ROBERT SOULE to improperly favor Defendant THOMAS HEILMAN in jury deliberations. Defendant THOMAS HEILMAN intentionally concealed from Defendant ROBERT SOULE the fact that the defendants in that case were insured and that the insurance company would be obligated to pay any judgment.

"5. After this meeting with Defendant THOMAS HEILMAN, Defendant ROBERT SOULE entered the jury room but sat apart from the other jurors

and refused to participate in jury deliberations on the issue of liability. After nine jurors agreed the defendants were liable for damages to Plaintiff ROGER TRUDELL with wrongful and illegal intent to corrupt and unjustly influence the verdict, Defendant ROBERT SOULE told the jury Defendant THOMAS HEILMAN was a poor man who could not afford to pay a large judgment and otherwise persuaded and influenced his fellow jurors to improperly favor the defendants in ascertaining the amount of damages to be awarded to Plaintiff ROGER TRUDELL.

"6. As a direct and proximate result of the conduct of the Defendants, and each of them, the jury fixed damages at a very small sum, only $11,902.93, although Plaintiff, ROGER TRUDELL had in fact sustained and proven damages far in excess of $50,000 that three of the jurors believed Plaintiff would recover after all of the persuading of the Defendant herein. The jury would have returned a much larger verdict if it had not been misled, corrupted, and unjustly influenced by the illegal and improper conduct of the Defendants, and each of them.

"7. Defendants, and each of them, acted maliciously, with the specific intent to injure Plaintiff ROGER TRUDELL, and oppresively, by subjecting Plaintiff ROGER TRUDELL to cruel and unjust hardship in conscious disregard of his legal rights."

The record before us reflects that these allegations, supported by declarations of other jurors, were submitted to the trial judge in an after-judgment hearing and that that judge ruled as follows: "Although the contents of these declarations reflect serious misconduct, the court concludes that no further action should be undertaken in the absence of a motion for new trial." No motion for a new trial was ever made.

The briefs discuss, at length, whether California recognizes a civil action for damages for embracery and whether the so-called "judicial immunity" extends to jurors. Those are interesting questions which we need not, and do not, here examine and on which we express no opinion.[1]

---

[1]California does have a criminal statute prohibiting embracery. That statute, section 95 of the Penal Code, provides as follows: "Every person who corruptly attempts to influence a juror, or any person summoned or drawn as a juror, or chosen as an arbitrator, or umpire, or appointed a referee, in respect to his verdict in, or decision of any cause, or proceeding, pending, or about to be brought before him, either: [¶] One—by means of any communication, oral or written, had with him except in the regular course of proceedings; [¶] Two—by means of any book, paper, or instrument exhibited, otherwise than in the regular course of proceedings; [¶] Three—by means of any threat, intimidation, persuasion, or entreaty; or, [¶] Four—By means of any promise, or assurance of any pecuniary or other advantage; [¶]—is punishable by fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison." (See 2 Witkin, Cal. Crimes (1963 ed.) § 801, p. 754.) No California case of which we have knowledge or which is cited to us recognizes a *civil* action based on that statute.

██ However, it seems clear that any such action would be disfavored for reasons of public policy and it should not be allowed unless a litigant has no other means of redress. Here, the facts now relied on obviously were known to the plaintiff before the judgment in the prior case had become final and within time for him to have acted on the first trial judge's suggestion to move for a new trial. Having failed to utilize that mode of redress, which, if his present allegations are true, probably would have resulted in an order granting a new trial at least on the issue of damages, the present action for damages cannot be maintained.

The judgment (order of dismissal) is affirmed.

McClosky, J., and Munoz, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1984. Bird, C. J., Mosk, J., and Grodin, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.