69339, 69340. LaBARRE v. PAYNE; and vice versa.
(329 SE2d 533)

SOGNIER, Judge.

Douglas Payne brought this action against Carol LaBarre and Susan Rivers for conspiring to interfere with and attempting to influence jury deliberations. Payne based his claims on state tort law and on federal law, alleging deprivation of rights secured to him by 42 USC § 1983. Rivers entered into a settlement with Payne. The trial court granted LaBarre's motion for summary judgment in Case No. 69340 and Payne appeals. The trial court denied LaBarre's motion brought under 42 USC § 1988 for attorney fees in Case No. 69339 and LaBarre appeals.

Payne was the plaintiff in a civil action and Rivers was a member of the jury. LaBarre, a friend of Rivers, contacted Rivers frequently during the trial, expressing an interest in the case. LaBarre also attended a portion of the seven-day trial. In a telephone conversation with LaBarre on the evening after the first day of the jury's deliberations, Rivers asked LaBarre about a legal issue regarding liability in the case. LaBarre expressed her opinion and volunteered to call Rivers back after she obtained a definitive answer from an attorney. Rivers called LaBarre the next morning before the jury continued its deliberations, but LaBarre had not obtained the answer to the question. Thereafter, LaBarre telephoned her former attorney, Lawrence, and asked him the liability question she had talked about with Rivers. Lawrence, who was familiar with the pending civil action, asked LaBarre if she had discussed the case with a juror. On being told that she had, he instructed LaBarre not to communicate further with Rivers and brought the matter before the trial court in the pending civil action. After a hearing regarding the communications between Rivers and LaBarre, the trial judge declared a mistrial over Payne's objections. Payne later entered into a settlement of his case and, subsequently, brought this action.

1. Payne contends the trial court erred by granting LaBarre's

motion for summary judgment on his claim under 42 USC § 1983. To prevail on a claim brought under 42 USC § 1983 a plaintiff must prove two elements: (1) that some person has deprived him of a federal right and (2) that the person who has deprived him of that right acted under color of state law. *Poss v. Moreland*, 253 Ga. 730, 731 (324 SE2d 456) (1985); see *Gomez v. Toledo*, 446 U. S. 635, 640 (100 SC 1920, 64 LE2d 572) (1980).

An essential element of a prima facie case under 42 USC § 1983 is the deprivation of a federally protected right. *Williams v. Treen*, 671 F2d 892, 900 (5th Cir. 1982); *Maine v. Thiboutot*, 448 U. S. 1 (100 SC 2502, 65 LE2d 555) (1980); *McCroan v. Bailey*, 543 FSupp. 1201, 1208 (S.D. Ga. 1982). Payne cites *Logan v. Zimmerman Brush Co.*, 455 U. S. 422 (102 SC 1148, 71 LE2d 265) (1982), in support of his contention that he was deprived of his federal right to an impartial jury trial of his state court claim under the due process clause of the Fourteenth Amendment. In *Logan,* the Supreme Court held that a state court cause of action did constitute a property right under the Fourteenth Amendment so that the state could not terminate the cause of action due to the failure of a state official to comply with a statutorily mandated procedure. Id. at 455 U. S. 429. See also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 313 (70 SC 652, 94 LE 865) (1950). However, in the instant action as distinguished from *Logan*, there was no deprivation or termination of Payne's cause of action. Although he suffered inconvenience and delay in resolving his claims, the trial court's grant of a mistrial did not deprive Payne of his right to relitigate the matter. Instead Payne elected to settle those claims. Moreover, we note that the Seventh Amendment right to jury trial of civil actions applies only to trials in federal cases and there is no corresponding federal right to trial in state courts. *Butler v. Claxton*, 221 Ga. 620, 621 (146 SE2d 763) (1966). Accordingly, while it appears that there was unauthorized interference with the jury deliberation process, we find no deprivation of a federal right in this case and Payne's claim under 42 USC § 1983 must fail.

2. Payne contends the trial court erred by granting summary judgment to LaBarre on the basis that Payne has no claim against LaBarre under state law. We agree with Payne that he has a viable claim against LaBarre for embracery and we therefore reverse the trial court's grant of summary judgment to LaBarre because questions of fact exist on this issue. "A person commits the offense of embracery when he . . . [w]ith intent to influence a person summoned or serving as a juror, communicates with him otherwise than is authorized by law in an attempt to influence his action as a juror . . . ." OCGA § 16-10-91 (a) (1); see *Jones v. State*, 101 Ga. App. 851, 855 (2a) (115 SE2d 576) (1960). The record shows that despite LaBarre's

claim that her interest in Payne's case resulted solely from her work for a bank and her interest in financial institutions, it is uncontroverted that a named defendant in Payne's case was a member of LaBarre's employer's board of directors and LaBarre admitted she was aware of that connection. LaBarre further admitted that as a result of her past experience as a juror she was fully aware of the impropriety of her conduct at the time of her communications with Rivers and when those communications came to light her first action was to retain counsel. Under these circumstances, we cannot say that Payne can prove no set of facts showing that LaBarre is liable for embracery. See OCGA § 16-10-91 (a) (1); see *Jones v. State*, supra.

We reject LaBarre's argument that there is no civil cause of action for embracery and hold that a person who commits embracery is liable in civil damages to one who is thereby injured. *Employers Ins. of Wausau v. Hall*, 270 SE2d 617, 618-619 (5) (N.C. App.) (1980); 29A CJS, Embracery, § 10 (1965); but see *Trudell v. Heilman*, 158 Cal. App. 3d 251 (1984). Therefore, because questions of fact exist as to Payne's claim for embracery, the trial court erred by granting summary judgment to LaBarre. See generally *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 174 (236 SE2d 254) (1977).

3. LaBarre contends the trial court erred by denying her motion made upon the grant of summary judgment in her favor against Payne for attorney fees pursuant to 42 USC § 1988. Although the court has discretion to award attorney fees under 42 USC § 1988 to the prevailing party in a case brought under 42 USC § 1983, the court's discretion, where the prevailing party is the defendant, is limited to those instances where the plaintiff's action was "groundless or without foundation." *Hughes v. Rowe*, 449 U. S. 5, 14 (101 SC 173, 66 LE2d 163) (1980). We agree with the trial judge that Payne's claim under 42 USC § 1983 presented difficult questions, and was in no way groundless or without foundation. See *Jones v. Tex. Tech. Univ.*, 656 F2d 1137, 1146 (5th Cir. 1981). We therefore find no abuse of discretion in the trial court's denial of attorney fees to LaBarre.

*Judgment affirmed in Case No. 69339; and reversed in Case No. 69340. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 20, 1985 — 

*William T. Gerard, Dean C. Broome, Jr.*, for appellant.
*J. Hue Henry, Martha M. Pearson*, for appellee.