Thomas R. **HARBERSON**, Plaintiff,

v.

**HILTON HOTELS CORPORATION**, Defendant.

Civ. A. No. 83–C–2468.

United States District Court,
D. Colorado.

Sept. 17, 1985.

Ajai Khandke, Denver, Colo., for plaintiff.

James C. Ruh, Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff Thomas R. Harberson was discharged from his job as an electrician with the defendant Hilton Hotel Corporation (Hilton). He brought this action alleging age discrimination, violation of 18 U.S.C. § 1503 (1982), outrageous conduct, and slander. Harberson has voluntarily dismissed his slander claim. Hilton has moved to dismiss the three remaining claims and Harberson has responded. The parties have briefed the issues thoroughly, and oral argument would not assist in resolving them. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1332 (1982).

On July 1, 1982, the International Union of Operating Engineers (IUOE) commenced an economic strike against Hilton. Although Harberson was not a member of that union, he honored the picket line. Hilton settled its labor dispute with the IUOE on July 12, 1982. Part of the settlement agreement provided that Hilton would not discipline its non-IUOE employees for their refusal to cross the picket line.

A letter dated July 15, 1982, informed Harberson that he had been permanently replaced. Harberson's union filed a complaint with the National Labor Relations Board (NLRB). The regional administrative law judge held in favor of Harberson, but the NLRB's General Counsel reversed that decision. Harberson's appeal is currently pending. Harberson has alleged that in the course of the NLRB proceedings Hilton employees forged records and committed perjury.

■ Harberson's first claim alleges that Hilton discriminated against him because of his age. Hilton contends that Harberson's failure to timely file a charge with the EEOC precludes him from asserting this claim here. Hilton's argument requires consideration of facts not in the complaint and will therefore be treated as a motion for summary judgment.

As noted, Hilton informed Harberson of his discharge on July 15, 1982. Under 29 U.S.C. § 626(d) (1982), Harberson had 180 days after occurrence of the alleged unlawful practice to file a charge with the EEOC. He did not, however, file his EEOC age discrimination charge until February 10, 1983, more than 180 days after his discharge. *See* Defendant's Ex. A. Since timely EEOC filing is a prerequisite to jurisdiction, Harberson's age discrimination claim must be dismissed for lack of jurisdiction.

■ Harberson has asserted a civil claim based on allegations that Hilton committed perjury and forgery and thereby violated the public policies embodied in 18 U.S.C. § 1503 (1982). Section 1503 provides criminal sanctions against individuals who interfere with the administration of justice. It provides,

> "Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any

court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, ... or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

All the courts that have considered the issue have held that § 1503 does not create a private claim for relief. *Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir.1953); *Burch v. Snider*, 461 F.Supp. 598 (D.Md.1978); *Mainelli v. Providence Journal Co.*, 207 F.Supp. 453 (1962). Accordingly, Harberson's claim based on § 1503 must be dismissed.

■ Hilton asserts that Harberson's outrageous conduct claim should be dismissed because it fails to allege sufficiently "outrageous" conduct and because the National Labor Relations Act (NLRA) preempts Harberson's state-law claim. Taking the allegations in Harberson's complaint as true for the purpose of deciding this motion to dismiss, I find and conclude that a reasonable person could find the asserted perjury and forgery to be outrageous conduct.

■ Moreover, the NLRA does not preempt state law claims for outrageous conduct. In *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), the Supreme Court held that the NLRA did not preclude the plaintiff from bringing an outrageous conduct claim based on intentional infliction of emotional distress. In *Viestenz v. Fleming Co., Inc.*, 681 F.2d 699 (10th Cir.1982), the Tenth Circuit interpreted the *Farmer* exception to the preemption doctrine. The Court held

that the *Farmer* exception only applies where the conduct is truly outrageous, so as to invoke a strong state interest in preventing that kind of conduct, and where the claimed injury results, not from the employment discharge, but from the particularly "outrageous" circumstances in which that discharge occurred. *Id.* at 703–04.

Here, Harberson has alleged that Hilton's committed perjury and forgery that caused him severe and continuing emotional distress. I have already determined that a reasonable jury could find that Hilton's alleged conduct was outrageous assuming the allegations are proved. Moreover, based on the allegations in Harberson's complaint I cannot conclude, as a matter of law, that Harberson's injury resulted from his loss of employment rather than from the allegedly outrageous manner in which he was discharged. Accordingly, Hilton's motion to dismiss Harberson's outrageous conduct claim is denied.

IT IS ORDERED that

(1) Defendant's motion to dismiss the plaintiff's age discrimination claim, treated as a motion for summary judgment on that claim, is granted; the plaintiff's first claim is dismissed with prejudice.

(2) Defendant's motion to dismiss the plaintiff's § 1503 claim is granted; the plaintiff's second claim is dismissed with prejudice; and

(3) Defendant's motion to dismiss the plaintiff's outrageous conduct claim is denied.