**MANILDRA MILLING CORPORATION,**
**Plaintiff,**

v.

**OGILVIE MILLS, INC., Defendant,**
**Third–Party Plaintiff, and**
**Counterclaimant,**

v.

**HENKEL CORPORATION, Henkel of**
**America, Inc., Defendants, and**
**Third–Party Defendants,**

**and**

**John Thomas Honan, Counterclaim**
**Defendant.**

Civ. A. No. 86–2457–S.

United States District Court,
D. Kansas.

Aug. 23, 1991.

Edward L. Bailey, Carol B. Bonebrake, Charles T. Engel, Cosgrove, Webb & Oman, Topeka, Kan., W. Stanley Walch, Mark Sableman, Thompson & Mitchell, St. Louis, Mo., William K. West, Wayne Jones, Cushman, Darby & Cushman, Washington, D.C., Tim S. Haverty, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, Mo., Murray J. Belman, Thompson & Mitchell, Washington, D.C., for plaintiff and counter-defendants.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Bruce H. Weitzman, McDermott, Will & Emery, Chicago, Ill., Eugene Sabol, Paul Grandinetti, Mark Lee Hogge, Fisher, Christen & Sabol, Washington, D.C., Byron L. Gregory, McDermott, Will and Emery, Chicago, Ill., for defendant counter-claimant and third-party plaintiff.

Michelle M. Suter, McDowell, Rice & Smith, P.C., Overland Park, Kan., Robert P. Smith, McDowell, Rice and Smith, Kansas City, Mo., John D. Gould, Daniel W. McDonald, Alan G. Carlson, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, Minn., Robert L. Baechtold, David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, for third-party defendants.

## ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant, counterclaimant and third-party plaintiff Ogilvie Mills, Inc. ("Ogilvie") for attorneys' fees and for disqualification of John M. Howell and William K. West, Jr. This action is set for trial on August 26, 1991, at Topeka, Kansas.

This case may be briefly summarized as follows. Plaintiff Manildra Milling Corporation ("Manildra") seeks a declaration of non-infringement, invalidity and/or unenforceability of two patents currently held by Ogilvie and formerly held by Henkel Corporation and Henkel of America, Inc. ("Henkel"). In addition, Manildra alleges antitrust violations and pendent common law claims against Ogilvie. Ogilvie has counterclaimed against Manildra, and its 100 percent shareholder John Thomas Honan ("Honan") for patent infringement. Ogilvie has also filed a third-party complaint against Henkel seeking indemnity for liability on a portion of Manildra's claims. Ogilvie's third-party claim has been bifurcated from the trial of the other claims.

On March 4, 1991, a bench and jury trial commenced. The jury heard 18 days of testimony. However, a mistrial was declared on the 18th day due to conversations overheard between an expert witness of Manildra and several members of the jury. After hearing oral argument, the court determined that it could not ensure a fair trial, and thus, declared a mistrial. Ogilvie now moves the court to disqualify the expert witness involved in the conversation with the jurors from testifying in the retrial, to disqualify one of Manildra's attorneys, William K. West, Jr. and to award attorneys' fees incurred by Ogilvie in the aborted trial.

The court has fully considered the arguments, exhibits and authorities cited by the parties. The court finds that Ogilvie's motion should be denied. The court further finds that while the conversation which resulted in a mistrial was partially the fault of the expert witness and partially the fault of the jurors who disregarded this

court's admonitions, the court finds that this is not a situation which warrants barring and disqualifying Manildra's expert witness and lead patent attorney. Furthermore, the court finds that this situation does not warrant the award of attorneys' fees. With regard to Ogilvie's argument that it has been prejudiced by having to reveal its opening statements and trial strategy, the court finds that Ogilvie has suffered far less prejudice than Manildra whose complete trial strategy has been revealed. Accordingly, the court finds that Ogilvie's motion should be denied.

IT IS SO ORDERED.