**OMI HOLDINGS, INC., Plaintiff,**

v.

**John HOWELL, Defendant.**

**No. 93–4099–RDR.**

United States District Court,
D. Kansas.

Sept. 8, 1994.

Patrick D. McAnany, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for plaintiff.

Jerome H. Eschmann, Ascough, Eschmann, Oyler, P.A., Bradley A. Winters, Thompson & Mitchell, St. Louis, MO, for defendant.

### *MEMORANDUM AND ORDER*

ROGERS, Senior District Judge.

This case is now before the court upon defendant's motion to dismiss. Plaintiff in the case at bar was the defendant in the case of *Manildra Milling Corporation v. Ogilvie Mills, Inc.*, Case No. 86–2457–S (*"Manildra"*). *Manildra* is a protracted, complex patent case. Defendant in the case at bar was an expert witness for Manildra Milling Corporation in *Manildra.* The first trial of the *Manildra* case ended in a mistrial. The mistrial was announced on the eighteenth day of trial. Plaintiff filed a motion for sanctions and attorney's fees pursuant to 28 U.S.C. § 1927 and the inherent power of the court. This motion was denied (*Manildra Milling Corporation v. Ogilvie Mills, Inc.*, 782 F.Supp. 102 (D.Kan.1991)). The denial of the motion is being appealed.

In this case, plaintiff contends that defendant is liable for civil damages because defendant caused the mistrial through embracery (jury tampering), negligence and fraud. In Count I of the complaint, plaintiff asserts that defendant contacted *Manildra* jurors with the intention to influence or attempt to influence their decision. This is the embracery count. In Count II of the complaint, plaintiff asserts that defendant violated a duty to use reasonable care to avoid contacting the *Manildra* jurors by participating in such contacts with the intention of influencing their decision. This is labeled "negligence" by plaintiff. In Count III of the complaint, plaintiff asserts that defendant failed to reveal his contacts with the *Manildra* jurors to the court or to plaintiff in an effort to deceive the court and plaintiff into believing that the trial process had not been compromised. Plaintiff contends this is fraud.

The three counts of the complaint are accompanied by the following factual allegations. Plaintiff alleges that defendant spoke to three different jurors on two days during the first trial of *Manildra* and gestured to a juror around a piece of artwork on another occasion during the trial. Plaintiff asserts that these contacts, some of which occurred in the presence of counsel for Manildra, caused the trial judge to declare a mistrial. Plaintiff further alleges that defendant failed to disclose the contacts to the court and to plaintiff and, once the contacts were revealed, attempted to "conceal or trivialize" the contacts in an affidavit to the court.

Defendant's motion to dismiss argues that this case should be dismissed on claim or issue preclusion grounds and because plaintiff's complaint fails to state a claim. The court shall focus on defendant's argument under FED.R.CIV.P. 12(b)(6) that the complaint fails to state a claim.[1]

The standard for dismissal on a Federal Rule of Civil Procedure 12(b)(6) motion is well established: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must accept as true all well-pleaded allegations and must draw all reasonable inferences in favor of the plaintiff. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir.1977).

After reviewing the materials submitted to the court, the court shall sustain defendant's motion.

■ Kansas law must be applied in this case; this is undisputed.[2] There are no cases in Kansas which recognize a civil action for embracery.[3]

1. Differences in the procedures and remedies which were available to plaintiff when a claim for sanctions was made in *Manildra* and the procedures and remedies sought by plaintiff in the instant case make this court very reluctant to accept defendant's claim of collateral estoppel and res judicata. See *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331 n. 15, 99 S.Ct. 645, 651 n. 15, 58 L.Ed.2d 552 (1979).

2. This case was removed from state court to this court upon diversity jurisdiction grounds. There was no opposition to removal. It may be more correct to base this court's subject matter jurisdiction upon 28 U.S.C. § 1331, the federal question statute, since the events in question occurred in a federal court building, a federal enclave. Cases hold that "personal injury actions arising from incidents on federal enclaves may support district court jurisdiction under § 1331." *Fung v. Abex Corp.,* 816 F.Supp. 569, 571 (N.D.Cal. 1992) citing, *Willis v. Craig,* 555 F.2d 724, 726 (9th Cir.1977) and *Mater v. Holley,* 200 F.2d 123 (5th Cir.1952). Under 16 U.S.C. § 457, injuries sustained because of the neglect or wrongful act of someone within a place subject to the exclusive jurisdiction of the United States are governed by the state law of the state within which the federal enclave is situated. That state is Kansas under the facts of the case at bar.

3. The results from other jurisdictions are mixed. North Carolina and Georgia courts have recognized a civil action for embracery. *Employers Insurance of Wausau v. Hall,* 49 N.C.App. 179, 270 S.E.2d 617, 619 (1980) *cert. denied,* 301 N.C. 720, 276 S.E.2d 283 (1981); *LaBarre v. Payne,* 174 Ga.App. 32, 329 S.E.2d 533, 535 (1985). Both courts referred to 29A C.J.S. *Embracery* § 10 (1965) where, citing an 1896 Pennsylvania lower court decision (*Doan's Case,* 5 Pa.Dist. 211, 17 Pa.Co. 521, 5 D.R. 211), it states that a person who has committed embracery may be liable in damages. However, this section has

Would Kansas recognize such an action under the circumstances alleged by plaintiff? After reviewing the results of *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177 (1987) and *Hokanson v. Lichtor*, 5 Kan.App.2d 802, 626 P.2d 214 (1981), we believe the answer is "no."

In *Koplin*, the court decided there was no common law tort action for spoliation of evidence against someone who is not or would not be an adverse party in another action pending or contemplated by the plaintiff.[4] In *Hokanson*, the court held that a civil action did not exist against someone who allegedly committed perjury.

This case shares the following characteristics with *Koplin* or *Hokanson*. First, other penalties for the alleged wrongful conduct exist. There are criminal penalties for jury tampering. See 18 U.S.C. § 1503; K.S.A. 21–3815. Additionally, plaintiff can ask and, in fact, did ask for sanctions under 28 U.S.C. § 1927 or the inherent power of the court. The contempt powers of the court reach the facts alleged by plaintiff. See *Jones v. United States, supra;* 26 Am.Jur.2d *Embracery* § 4 (1966). A contempt sanction can provide compensation for the mistrial. See *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1949) ("The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief."); see also cases collected at 85 A.L.R.3d 895. Of

course, a new trial can be granted as was done in *Manildra*.

The second area of similarity between this case and *Koplin* and *Hokanson* is the concern for duplicative litigation. Permitting a civil cause of action for embracery would encourage an inefficient relitigation of issues which would be better handled once and for all by the trial judge in *Manildra*. Many of the issues considered by that judge in deciding the new trial motion and any motion for assessment of sanctions would have to be relitigated in a separate civil action asserting embracery. This is contrary to public policy favoring finality in litigation.

If a civil action for embracery were brought in connection with litigation where a motion for a mistrial was *not* made or granted, there would be significant problems in determining damages and permitting a collateral attack upon a judgment. The difficulty in assessing damages was mentioned as an argument against permitting an action for spoliation of evidence in *Koplin*. 734 P.2d at 1183. Even in this case, where a mistrial was granted, there could be considerable difficulty in determining what time and effort was wasted because of the mistrial and what time and effort was valuable for the second trial of the case. Indeed, the argument could be made that plaintiff benefited from the mistrial because it became aware of Manildra's trial strategy. See *Manildra Milling Corp. v. Ogilvie Mills, Inc., supra,* 782 F.Supp. at 104. Finally, it is possible that the threat of an embracery action against a

---

been deleted from the discussion of embracery in the current edition of C.J.S. 29A C.J.S. *Embracery* p. 70 (1992). A California court has stated in dicta that a civil action for embracery would be "disfavored for reasons of public policy and it should not be allowed unless a litigant has no other means of redress." *Trudell v. Heilman*, 158 Cal.App.3d 251, 204 Cal.Rptr. 551, 553 (1984). Similar reasoning led one federal court to refuse recognition of a *Bivens* action for jury tampering. *Jones v. United States*, 401 F.Supp. 168, 174 (E.D.Ark.1975) *aff'd*, 536 F.2d 269 (8th Cir.1976) *cert. denied*, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977). Federal courts have also denied a private civil right of action under 18 U.S.C. § 1503, the criminal statute against jury tampering, witness intimidation, and obstruction of justice. *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.1960) *cert. denied*, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961);

*Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir.) *cert. denied*, 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367 (1953); *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 807 (D.Utah 1988); *Harberson v. Hilton Hotels*, 616 F.Supp. 864, 866 (D.Colo.1985); *Burch v. Snider*, 461 F.Supp. 598, 602 (D.Md.1978); *Mainelli v. Providence Journal Co.*, 207 F.Supp. 453, 456 (D.R.I.) *aff'd in part and vacated in part on other grds*, 312 F.2d 3 (1st Cir.1962).

4. However, in *Foster v. Lawrence Memorial Hospital*, 809 F.Supp. 831 (D.Kan.1992), the court determined that there were some circumstances in which Kansas would recognize a cause of action for spoliation of evidence. Ultimately it was decided such circumstances had not been sufficiently alleged and established. *Foster v. Lawrence Memorial Hospital*, 818 F.Supp. 319 (D.Kan.1993).

witness could chill witness testimony.[5]

The court acknowledges that some of the same problems persist if one depends upon contempt sanctions to resolve allegations of embracery. But, the court firmly believes these problems are best handled by the trial judge in the case where embracery allegedly occurred, rather than a new judge or jury who would be strangers to the underlying litigation.

Plaintiff has argued that section 18 of the Kansas Constitution's Bill of Rights requires recognition of a civil action for embracery. Section 18 provides:

All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay.

We disagree with this argument.

■ Section 18 does not create rights of action and cannot be used to imply a cause of action not already recognized by the laws of Kansas. *Fogarty v. Campbell 66 Express, Inc.,* 640 F.Supp. 953, 958–59 (D.Kan.1986) (no cause of action for pre-impact emotional distress in spite of section 18); *Schmeck v. City of Shawnee,* 231 Kan. 588, 594, 647 P.2d 1263, 1267 (1982) (no cause of action for emotional distress suffered by parent upon learning of adult child's injury, in spite of section 18). Here, we have concluded that Kansas law would not recognize a civil cause of action for embracery. Section 18 of the Kansas Constitution's Bill of Rights cannot be used to create one.

■ We acknowledge that defendant had a duty not to make contact with jurors outside of open court. But, plaintiff has not argued that this duty, as codified in the Kansas and federal criminal statutes, creates a private right of action. Nor do we believe a private right of action can be based on the criminal statutes or any court rule. The duty to obey the criminal statutes and court rules is owed to the public and to the court, not to plaintiff. *Lewis v. Swenson, supra,* 617 P.2d at 74 (the duty not to mention insurance to the jury was a duty owed to the court and not to the

adverse party); see also, e.g., *Nelson v. Miller,* 227 Kan. 271, 607 P.2d 438 (1980) (adversary in litigation has no cause of action for violation of Code of Professional Responsibility other than malicious prosecution); *Brooks v. Zebre,* 792 P.2d 196, 201 (Wyo.1990) (no cause of action in favor of adverse party arises from violation of disciplinary rules relating to attorneys); *Garcia v. Rodey, Dickason, Sloan, Akin & Robb,* 106 N.M. 757, 750 P.2d 118, 123 (1988) (same); *Bob Godfrey Pontiac, Inc. v. Roloff,* 291 Or. 318, 630 P.2d 840 (1981) (holding violation of state statute requiring attorneys to employ only such means as are consistent with truth is not actionable). For this reason and others mentioned previously, we hold that Kansas would not recognize a civil action for embracery under the circumstances alleged by plaintiff.

■ Plaintiff's negligence claim in count II of the complaint is an effort to allege negligent embracery, which is a paradoxical concept. Embracery is an intentional wrongdoing, a conscious effort to influence a juror outside of open court. See 26 Am.Jur.2d *Embracery* § 1 p. 619 (1966). The court does not believe it can be committed without wrongful intent. Moreover, negligence is not actionable unless a duty to act with reasonable care is violated. See *McDermott v. Midland Management, Inc.,* 997 F.2d 768, 770 (10th Cir.1993). While the court may instruct persons to avoid communications with jurors outside of open court, the court is aware of no authority for redress in damages for the failure to exercise reasonable care in following this instruction. On the other hand, there is clear authority in Kansas for the proposition that attorneys are not liable to an adversary for professional negligence. *Tappen v. Ager,* 599 F.2d 376, 378–79 (10th Cir.1979); *Nelson v. Miller, supra.* We believe the same rule should apply to witnesses. Of course, if this kind of negligence were actionable, assessing fault among jurors, court staff, judges, counsel and witnesses might create considerable difficulties.

■ Plaintiff's claim for fraud asserts that defendant is liable for damages because

---

**5.** This was one of the concerns cited by Justice O'Connor when she sat on the Arizona Court of Appeals in *Lewis v. Swenson,* 126 Ariz. 561, 617 P.2d 69 (Ariz.App.1980). In *Lewis,* the court held that there could be no cause of action against an expert witness who was alleged to have intentionally mentioned the high cost of malpractice insurance in order to prejudice plaintiff's case, when the remark caused a mistrial.

he fraudulently concealed his alleged wrongful juror contacts from plaintiff and the court. Again, the court believes this is a back-door effort to bring a civil action for embracery. While a legal duty exists to avoid embracery, the court is unaware of any duty which supports a fraud action against a witness who commits embracery but fails to disclose it. See *Roeder v. Alpha Industries, Inc.,* 814 F.2d 22, 27–28 (1st Cir.1987) (no duty on corporation under laws against securities fraud to disclose bribes it allegedly paid). There can be no fraud via nondisclosure, absent a duty to disclose. See *Chiarella v. United States,* 445 U.S. 222, 235, 100 S.Ct. 1108, 1118, 63 L.Ed.2d 348 (1980). Because defendant is not alleged to have breached a duty to speak which is recognized in Kansas, the third count of the complaint fails to state a claim.

In conclusion, after reviewing the materials before the court, the court shall grant defendant's motion and dismiss plaintiff's complaint for failure to state a claim.

**IT IS SO ORDERED.**