LARRY S. BRUMIT,                    )
                                    )
        Plaintiff/Appellant,        )
                                    )       Appeal No.
                                    )       01-A-01-9703-CV-00109
VS.                                 )
                                    )       Rutherford Circuit
                                    )       No. 37508
JAMES ALBERT SUMMAR,                )
                                    )
        Defendant/Appellee.         )

FILED

December 12, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE DON R. ASH, JUDGE

LARRY S. BRUMIT
Northeast Correction Center, Unit 9
P. O. Box 5000
Mountain City, Tennessee 37683-5000
        Pro Se/Plaintiff/Appellant

JAMES ALBERT SUMMAR
502 Winfrey Drive
Murfreesboro, Tennessee 37130
        Pro Se/Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

A man convicted of two counts of first degree murder filed a civil complaint against the father of one of the victims, alleging that the defendant had tampered with the jury that convicted him. The circuit court dismissed the complaint. We affirm the dismissal.

## I.

Larry E. Brumit was convicted on September 26, 1996 of the murder of two adult males, including James Albert Summar, Jr. On November 15, 1996, Mr. Brumit filed a lawsuit which alleged that during trial James Albert Summar, Sr. had told members of the jury, who were standing in the hallway of the courthouse, that Brumit was guilty, and that "they better find him guilty." Mr. Brumit asked for $10 million in damages. Mr. Summar filed a Motion to Dismiss for failure to state a cause of action. The trial court granted the motion, and dismissed the complaint with prejudice. This appeal followed.

Mr. Brumit argues that Mr. Summar's statements to the jury constituted embracery, an ancient term in criminal law. It is the offense of "attempting to influence a jury corruptly to one side or the other, by promises, persuasions, entreaties, entertainments, *douceurs*, and the like . . . ." *Black's Law Dictionary* 522 (6th ed. 1990).

Though the term embracery is not found in Tennessee's current criminal code, Mr. Brumit is correct in stating that the behavior designated by that term still constitutes a criminal offense:

> **Tenn. Code Ann. § 39-16-508. Coercion of juror. --**
>
> (a) a person commits an offense who by means of coercion:
>> (1) Influences or attempts to influence a juror in the exercise of the juror's official power or in the performance of the juror's official duty; or
>> (2) Influences or attempts to influence a juror not to vote or to vote in a particular manner

(b) A violation of this section is a Class E felony.

**Tenn. Code Ann. § 39-16-509.  Improper influence of juror. --**

(a) A person commits an offense who privately communicates with a juror with intent to influence the outcome of the proceeding on the basis of considerations other than those authorized by law.
(b) A violation of this section is a Class A misdemeanor.


We note that aside from criminal sanctions against an embraceor, improper communication between a third party and a juror in a criminal case can also result in reversal of a criminal conviction that was procured by such a communication. *See State v. Furlough*, 797 S.W.2d 631 (Tenn. Crim. App. 1990).


## II.


Several jurisdictions recognize a private right of action for embracery as well.  In *Employers Insurance of Wausau v. Hall*, 49 N.C. App. 179, 270 S.E.2d 617 (1980), for example, the North Carolina appeals court affirmed an award of $1,280 for the plaintiff's legal expenses after a mistrial induced by the defendant's attempt to coerce a juror.


In *LaBarre v. Payne*, 174 Ga. App. 32, 329 S.E.2d 533 (1985), the plaintiff brought suit under both 42 U.S.C. § 1983 and state tort law, contending that the defendants had conspired to interfere with jury deliberations.  The trial court granted summary judgment to the defendants.  The appeals court affirmed the dismissal of the federal claim, but reversed the dismissal of the state law claim, holding that Georgia, like North Carolina, recognized embracery as a civil wrong.


However, several other jurisdictions have found either that such a private right does not exist, or that for reasons of public policy an action for embracery would not be permitted unless the injured party has no other means of redress.  See *OMI*

*Holdings v. Howell*, 864 F. Supp. 1046 (D.C. Kansas, 1994); *Trudell v. Heilman*, 158 Cal.App.3d 251, 204 Cal.Rptr. 551 (2 Dist. 1984).

We have found no case in which a Tennessee court has recognized a civil action for embracery. Nor, after much searching, have we found any cases under English Common Law, or in the Common Law of North Carolina prior to 1796, that acknowledges the existence of such an action.

The North Carolina Court of Appeals' decision in *Employers Ins. of Wausau v. Hall* rests on the open courts clause of the Constitution of North Carolina. While the Constitution of Tennessee contains a similar provision, *see* Tenn. Const. art. I, § 17, we decline to adopt the North Carolina court's reasoning because it differs from our understanding of the purpose of the open courts clause. These provisions do not create new rights but rather recognize that persons have a right to a judicial remedy for recognized legal injuries. Recognized legal injuries include wrongs as recognized by the law of the land. *See Barnes v. Kyle*, 202 Tenn. 529, 534-35, 306 S.W.2d 1, 3 (1957). The law of the land consists of the Constitution of Tennessee, the common-law incorporated into our law in accordance with Tenn. Const. art. XI, § 1, and the duly enacted statutes, regulations, and local ordinances.

Because there is no state statute authorizing a civil action for damages for embracery, Mr. Brumit's claim cannot succeed unless he can demonstrate the existence at common law of a right of action for damages for embracery. Mr. Brumit has not pointed to this common-law cause of action, and our examination of the texts and treatises has not yielded one. Accordingly, we decline to recognize the existence of a civil action for damages for embracery. We believe that the sanctions available under our criminal law are a sufficient deterrence to anyone who would seek to improperly influence juries in the exercise of their official acts.

**III.**

We affirm the dismissal of Mr. Brumit's complaint. Remand this cause to the Circuit Court of Rutherford County for further proceedings consistent with this appeal. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE