1 F.3d 1253
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 BROTHER INDUSTRIES (USA), INC., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant,
and
Smith Corona Corporation, Defendant-Appellant.
BROTHER INDUSTRIES (USA), INC., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant,
and
Smith Corona Corporation, Defendant-Appellant.
 Nos. 93-1143, 93-1349.
 United States Court of Appeals, Federal Circuit.
 June 15, 1993.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 Upon consideration of this court's dismissal of the related appeals in Brother Industries (USA), Inc. v. United States, 93-1010, -1085, we sua sponte consider whether we have jurisdiction over these appeals.
 
 
 2
 On this same date, we are dismissing the United States' appeal (93-1010) and Smith Corona Corporation's appeal (93-1085) because they are not appeals from an appealable order.
 
 
 3
 On December 8, 1992, Smith Corona filed a notice of appeal (93-1143) from the Court of International Trade's November 30, 1992 order concerning enforcement of the September 3, 1992 remand order. We conclude that, for the same reasons as stated in 93-1010, -1085, the appeal in 93-1143 should be dismissed as there is no final or appealable order.
 
 
 4
 On April 9, 1993, Smith Corona filed another notice of appeal challenging the September 3, 1992 remand order (93-1349). Smith Corona states that it filed this appeal because it believes that the remand proceedings required by the September 3, 1992 order are now "final" and that the September 3, 1992 order is now appealable. Smith Corona states that, on February 8, 1993, the International Trade Administration (ITA) determined on remand that Brother filed the petition "on behalf of" the domestic industry.
 
 
 5
 We note, however, that the Court of International Trade directed that, if Brother's petition was found to be filed "on behalf of" the domestic industry, an antidumping investigation should proceed. In any event, the ITA's actions do not make the Court of International Trade's remand order "final" for purposes of appealability. After the ITA has finished its investigation, any adversely affected party may seek recourse in the Court of International Trade and, thereafter, in this court.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Appeal nos. 93-1143 and 93-1349 are dismissed.
 
 
 8
 (2) All other motions are moot.