22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 MANILDRA MILLING CORPORATION, Plaintiff/Cross-Appellant,
v.
OGILVIE MILLS, INC. (now O.M.I. Holdings, Inc.),
* Defendant-Appellant,
v.
HENKEL CORPORATION and Henkel of America, Inc., Third-Party Defendants,
and
John Thomas Honan, Counterclaim Defendant.
MANILDRA MILLING CORPORATION, Plaintiff/Cross-Appellant,
v.
OGILVIE MILLS, INC. (now O.M.I. Holdings, Inc.), Defendant-Appellant,
v.
HENKEL CORPORATION and Henkel of America, Inc., Third-Party Defendants,
and
John Thomas Honan, Counterclaim Defendant.
 Nos. 93-1437, 94-1157.
 United States Court of Appeals, Federal Circuit.
 March 21, 1994.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 A brief review of the procedural history of this case is useful to understand the context of the motions now before this court. On June 15, 1992, the United States District Court for the District of Kansas entered judgment on a jury verdict after resolving the parties' post-trial motions. Manildra Milling Corp. v. Ogilvie Mills, Inc., 797 F.Supp. 874 (D.Kan.1992). Specifically, the district court, inter alia, determined that Manildra Milling Corp. (Manildra) was entitled to its attorney fees. Id. at 888-89. Both parties appealed to this court. Appeal Nos. 92-1462,-1480 (Manildra I). Ogilvie also posted a supersedeas bond of approximately $5.9 million (Supersedeas Bond I) to secure the court's judgment pending the outcome of the Manildra I appeal.
 
 
 2
 On June 22, 1993, this court affirmed-in-part, reversed-in-part, and vacated-in-part the district court's judgment and remanded for further proceedings. Specifically, inter alia, we vacated the court's decision entitling Manildra to attorney fees based on its Lanham Act and state law claims and remanded for reconsideration of Manildra's entitlement to attorney fees on other grounds. Manildra Milling Corp. v. Ogilvie Mills, Inc., 1 F.3d 1253, --- USPQ2d ---- (Fed.Cir.1993) (Table), reh'g granted in part, (Fed.Cir. Sep. 20, 1993), cert. denied, 62 U.S.L.W. 3522 (1994). Mandate issued on Manildra I on October 12, 1993. Manildra's petition for certiorari to the United States Supreme Court was denied on February 28, 1994. 62 U.S.L.W. 3522 (1994).
 
 
 3
 Four days before our decision issued, however, on June 18, 1993, the district court decided the amount of attorney fees to which Manildra was entitled. Ogilvie immediately appealed. Appeal No. 93-1437 (Manildra II). Ogilvie also posted a supersedeas bond of approximately $3.9 million (Supersedeas Bond II) to secure the court's judgment pending the outcome of the Manildra II appeal.
 
 
 4
 On December 14, 1993, on Ogilvie's motion, the district court purported to vacate its June 18, 1993, fees order and reconsidered its disposition of Manildra's request for costs and attorney fees in light of this court's opinion in the Manildra I appeal. Manildra Milling Corp. v. Ogilvie Mills, Inc., No. 86-2457-DES (D.Kan. Dec. 14, 1993) (memorandum & order). Upon reconsideration, the court determined that Manildra's motion for attorney fees should be denied. The court also denied Ogilvie's motion to reconsider the court's August 23, 1991, denial of attorney fees to Ogilvie for a mistrial prompted by Manildra's conduct. Id., slip op. at 11-12 & 12 n. 6; see Manildra Milling Corp. v. Ogilvie Mills, Inc., 782 F.Supp. 102, 104 (D.Kan.1991); Manildra Milling Corp. v. Ogilvie Mills, Inc., No. 86-2457-DES, slip op. at 8 n. 2 (D.Kan. May 12, 1993). Finally, the court requested further briefing on the outstanding issue of correction of inventorship. On December 28, 1993, Manildra filed a motion either to reconsider the court's December 14, 1993, decision to vacate the June 18, 1993, decision and to deny Manildra's motion for attorney fees, or, alternatively, for a stay of the court's judgment therein. Before the court addressed the merits of Manildra's motion, however, Ogilvie appealed the court's December 14, 1993, decision to deny reconsideration of the issue of mistrial attorney fees on January 11, 1994. Appeal No. 94-1157 (Manildra III).
 
 
 5
 We now address the multiple motions presently pending before this court. First, Ogilvie moves to cancel Supersedeas Bond I, filed in the district court pending resolution of the Manildra I appeal. Manildra opposes. This motion is addressed in a separate order.
 
 
 6
 Second, Ogilvie moves to vacate the district court's "superseded" June 18, 1993, judgment, to dismiss its appeal therefrom (Manildra II) without prejudice, and to cancel Supersedeas Bond II, filed pending resolution of the Manildra II appeal. Ogilvie informs this court that the motion to cancel Supersedeas Bond II was not first brought in the district court, but nevertheless argues that we have the authority to grant the relief requested pursuant to Fed.R.Civ.P. 62(g) and Fed.R.App.P. 8. Manildra agrees that the Manildra II appeal should be dismissed without prejudice, but otherwise opposes Ogilvie's motion.
 
 
 7
 Ogilvie now admits that in moving the district court to reconsider its June 18, 1993, decision in light of our resolution of the Manildra I appeal, it asked the court to act at a time when it was "technically ... without jurisdiction" to do as requested. Nevertheless, Ogilvie argues that if we vacate the district court's June 18, 1993, decision nunc pro tunc, that action will give immediate effect to the court's December 14, 1993, decision. Rather than wade into this procedural morass, we think it proper to dismiss the Manildra II appeal without prejudice and remand to the district court for further proceedings. We agree that the district court was without jurisdiction to vacate its June 18, 1993, decision because of the pending appeal. See United States v. 397.51 Acres of Land, 692 F.2d 688, 693 (10th Cir.1982); 7 James W. Moore, Moore's Federal Practice p 60.30, at 60-331 to -332 (1993). Thus, the December 14, 1993, decision, to the extent that it purported to vacate, alter or otherwise amend the June 18, 1993, decision, is a nullity. On remand, however, the district court will again have jurisdiction over the case, and will be free to vacate its June 18, 1993, decision and reenter its December 14, 1993, decision, or otherwise act as it sees fit. The court, at that time, may also consider Ogilvie's motion to cancel Supersedeas Bond II.
 
 
 8
 Third, Manildra moves this court to dismiss the Manildra III appeal from the district court's December 14, 1993, order because Ogilvie appealed while Manildra's motion to reconsider or stay was pending. Ogilvie responds with various arguments. Finally, in connection with the Manildra III appeal, Ogilvie moves for leave to file instanter its transcript purchase order form and its statement of issues. Manildra opposes on the sole basis that this court currently lacks jurisdiction to entertain the Manildra III appeal for the reasons laid out in its motion to dismiss the Manildra III appeal. Both motions will thus be resolved together.
 
 
 9
 Manildra argues that we should dismiss the Manildra III appeal because of the then-pending and unresolved motion to reconsider or stay the court's judgment as to Manildra's request for attorney fees. Manildra argues that its motion to reconsider or stay was filed within 10 days of entry of judgment under Fed.R.Civ.P. 6(a), and thus is deemed to fall under Fed.R.Civ.P. 59(e). See Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.1983) ("Regardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion."). Citing Fed.R.App.P. 4(a)(4), Manildra concludes that its motion therefore renders the December 14, 1993, judgment non-final for purposes of appeal and thus leaves this court without jurisdiction to entertain the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982); see also 397.51 Acres of Land, 692 F.2d at 690.
 
 
 10
 Manildra's argument is off the mark in that its motion to reconsider or stay cannot be considered as a Fed.R.Civ.P. 59(e) motion. Such motions are only filed after entry of final judgment. Fed.Rs.Civ.P. 58, 59(e). This observation, however, discloses the defect in the Manildra III appeal.
 
 
 11
 To be properly appealable, a judgment or decision must be "final," 28 U.S.C. Secs. 1291, 1295(a)(1) (1988), unless the decision fits under one of the statutory provisions permitting an interlocutory appeal, 28 U.S.C. Sec. 1292 (1988). To be final, a judgment must resolve the entire case and must be entered pursuant to Fed.R.Civ.P. 58. An exception to this finality requirement lies in Fed.R.Civ.P. 54(b), however, which reads (emphasis added):
 
 
 12
 When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims....
 
 
 13
 The district court in this case did not comply with the express requirements of Rule 54(b). Thus, although the December 14, 1993, decision is designated "Judgment in a Civil Case," such "judgment" lacks the effect of a final judgment because it "adjudicates fewer than all claims" due to the outstanding issue of correction of inventorship. Instead, the "judgment" is merely an nonappealable interlocutory order, does not fall within 28 U.S.C. Sec. 1292, and thus cannot provide a basis for our jurisdiction over the Manildra III appeal. See generally 9 James W. Moore & Bernard J. Ward, Moore's Federal Practice p 110.08, at 44-45 (1993).
 
 
 14
 Thus, having fully considered the parties' motions,
 
 IT IS ORDERED THAT:
 
 15
 Ogilvie's motion to vacate the district court's June 18, 1993, decision, to dismiss the Manildra II appeal, and to cancel Supersedeas Bond II is granted only to the extent that the Manildra II appeal is dismissed without prejudice. Ogilvie's motion is denied in all other respects. Manildra's motion to dismiss the Manildra III appeal for lack of jurisdiction is granted for the reasons stated herein. Accordingly, Ogilvie's motion to file instanter various documents in connection with Manildra III is denied as moot. Each side shall bear its own costs.
 
 
 
 *
 Ogilvie Mills, Inc. is now OMI Holdings, Inc. The caption used in any appeal, however, is the same as that used by the district court. See Fed.R.App.P. 12(a) and Notes of Advisory Committee