**William L. HANNA, Appellant,**

v.

**HOME INSURANCE COMPANY,**
Appellee.

No. 18204.

United States Court of Appeals
Fifth Circuit.

June 30, 1960.

Rehearing Denied Aug. 2, 1960.

Curtis E. Hill, Dallas, Tex., for appellant.

Hobert Price, Henry W. Strasburger, Dallas, Tex., for appellee.

Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

In the complaint filed below, William L. Hanna of Dallas, Texas, alleged that the Home Insurance Company, a New York corporation, conspired with certain others to deprive him of his constitutional rights during the course of litigation between the parties in the Texas state courts. Hanna named as co-conspira-

300

tors, but not as co-defendants: Earl M. Holt, an employee of the Home Insurance Company, which was a co-defendant with the insurance company in the state action; three attorneys for the defendant; the trial judge for the 101st Judicial District Court of Dallas County, Texas; his court reporter, his clerk, his constable, and the constable's deputies; all the judges of the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas at Dallas; and all of the judges of the Supreme Court of Texas. Hanna sued for $1,000,000 actual damages and $48,500,000 exemplary damages. The district court dismissed the complaint for failure to state a claim within the jurisdiction of the federal district court. We affirm.

## I.

Ten years ago the plaintiff's wife suffered a painful whiplash injury in an automobile accident. According to Hanna, who was driving, he had stopped his automobile at a traffic light when it was struck from the rear by an automobile driven by Earl Holt. If indeed this is how the accident occurred, it is not surprising that Mr. Hanna is still not reconciled to losing his suit against Holt and the Home Insurance Company. Unfortunately for the Hannas, a Texas jury found the accident unavoidable and absolved Holt of any negligence. Holt and the Home Insurance Company were equally successful on appeal. The Court of Civil Appeals at Dallas dismissed Hanna's appeal for failure to file the transcript and statement of facts within the sixty day period required under Rule 386 of the Texas Rules of Civil Procedure. Hanna v. Home Ins. Co., 1953, Tex.Civ.App., 260 S.W.2d 891. The Tex-

as Supreme Court denied an application for a writ of error.

From start to finish in the state proceedings Hanna and his attorney—the same attorney represents him in the instant case—were beset with a wide variety of difficulties. Most of the besetting difficulties, it must be said, were of their own making. Failure of the appellant to comply with Texas procedural deadlines in perfecting his appeal was the decisive difficulty.

We start with Rule 386 of the Texas Rules of Civil Procedure.[1] This rule requires an appellant to file in the Court of Civil Appeals a transcript of the record and statement of facts within sixty days from the rendition of the trial court's final judgment or order overruling a motion for a new trial, except upon a showing of good cause. After a bitterly contested trial, a number of special issues were submitted to the jury and were decided in favor of the defendant. The trial judge overruled the plaintiff's amended motion for a new trial and rendered a final judgment for the defendants May 20, 1952. Under Rule 386, therefore, July 19, 1952, was the deadline for Hanna to perfect his appeal.

May 14, 1952, Hanna's attorney ordered from the official court reporter a statement of facts. He asked for a "completely unedited and an unexpurgated one". May 23, he wrote the district clerk for a transcript of the court proceedings, and advised him that the bills of exception would be filed shortly. The statement of facts was delivered for examination July 1 and 3. From July 12 through July 23, in a series of letters to the trial judge and the court reporter, Hanna's attorney made a vehement attack upon the reporter's statement of

1. Rule 386, Vernon's Texas Rules of Civil Procedure, provides: "In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. As amended by order of Oct. 10, 1945, effective Feb. 1, 1946."

facts, charging that it was extensively edited and expurgated in respects highly prejudicial to the plaintiff. He demanded that the court reporter make available her notes and sound recordings of the testimony for examination by a shorthand stenographer, a handwriting expert, and a sound equipment engineer. The Reporter offered to refer to her notes and recordings to rectify any alleged errors in the statement of facts but declined to turn over to anyone her notes and recordings which, she pointed out, were the property of the court. Texas Rules of Procedure provide an opportunity and regular method for correcting alleged errors in the statement of facts. See especially Rules 428 and 429.

July 9 was the deadline for filing the statement of facts and the bills of exceptions *in the trial court*. July 7, 1952, one of the plaintiff's attorneys applied for an extension of ten days, after July 9, within which to file, on the ground that his associate was engaged in litigation in another city. The trial judge granted the application and extended the time for filing to July 19.

Under Texas procedure the trial judge must certify the correctness of the statement of facts. On July 16, 1952, the trial judge filed a certificate, a copy of which was delivered to the plaintiff's attorney, certifying that the original statement of facts prepared by the court reporter had not been delivered to him for inspection. He certified, however, that he had been presented duplicate copies of the record, had inspected them, and found them to be true and correct. The certificate stated also that he was leaving on his vacation July 17 and, in his absence, he expressly authorized the judge of the 116th District Court at Dallas to examine and approve the original statement of facts or to conduct any hearing necessary for the approval of the record.

Appellant did not file the statement of facts and the transcript in the Court of Civil Appeals before the July 19 deadline. August 2, 1952, within the fifteen day grace period allowed under Rule 386, plaintiff's attorney petitioned the Court of Civil Appeals for an extension of time within which to file a statement of facts and bills of exception in the *trial court* and the transcript and statement of facts in the *Court of Civil Appeals*. The appellee contested the motion. October 27, 1952, the Court of Civil Appeals granted the motion on condition that appellant strike certain language derogatory to the trial judge, the court reporter, and respondents. After this was done, on November 7 the Court of Civil Appeals issued an order granting an extension of sixty days from October 27.

November 18, 1952, Hanna filed in the 101st District Court a paper styled "Plaintiff's Motion for Rehearing in open court with respect to statement of facts and bills of exception". By agreement, the hearing was conducted privately, with a past president of the State Bar of Texas presiding as the court-appointed Referee. The President of the Dallas Bar Association, the Chairman of the Bar Judiciary Committee, a representative of Soundscriber Company, the official court reporter for the County Court at Law No. 1, and the official court reporter for the 101st District Court attended the hearing. The court reporter's machine recordings of the testimony were played back against the disputed statement of facts. At the conclusion of the hearing, Hanna's attorney appeared before the trial judge and requested the Court's permission to withdraw the motion of November 18 from the court files. The Court granted the permission by a signed order.

Appellant presented three bills of exception and a statement of facts to appellee's attorneys and to the trial judge on December 18, 1952. The trial judge approved these December 23. Appellant then filed the completed record with the Court of Civil Appeals on December 24.

The appellees moved to dismiss for want of jurisdiction. In a carefully considered opinion the Court of Civil Appeals dismissed the appeal, stating that the case was a "classic example" for ap-

plication of the enabling provisions of Rules 428 [2] and 429 [3] governing controversies over the statement of facts. "Regrettable as the consequence may be", the court felt "powerless to declare that the undisputed facts of this record present any ground for application of Rule 386, the provisions of which are both mandatory and jurisdictional". The Court concluded: "[O]ur grant of 60-day extension was erroneously made; no 'good cause' having been shown to exist under the Rule as to why said transcript and statement of facts could not have been filed during the 60-day period intervening May 20, 1952 (date of overruling of amended motion for new trial) and the final date for filing of record, to wit, July 19, 1952." Hanna v. Home Ins. Co., 1953, Tex.Civ.App., 260 S.W.2d 891, 892. A rehearing was denied.

Hanna applied for a writ of error with the Supreme Court of Texas. The Court entered an order that the application be stricken because it contained language disrespectful of the trial court and the Court of Civil Appeals and unbecoming of an attorney. Under protest, Hanna filed an amended application for a writ of error. The Supreme Court of Texas,

in an unreported order, denied the writ. Appellant sought no writ of certiorari to the United States Supreme Court.

## II.

Hanna's complaint in the United States District Court, filed May 20, 1954, alleges that Home Insurance Company and the other conspirators deprived him of his rights under the Fifth Amendment, the Fourteenth Amendment, and several sections of the federal Civil Rights Statutes. Home Insurance Company moved to dismiss on the basis that (1) the complaint was an attempt to relitigate the state court suit in federal court; (2) the complaint failed to state a claim upon which relief could be granted; and (3) the matters involved were res judicata by virtue of the final judgment in the state court. Some five years later, April 3, 1959 after a pre-trial conference, the district judge, relying on Hendron v. Yount-Lee Oil Co., 5 Cir., 1940, 108 F.2d 759, and Williams v. Tooke, 5 Cir., 1940, 108 F.2d 758, dismissed the complaint for failure to state a claim within the jurisdiction of the federal district court. In April 1959, Hanna moved to set aside this order and for permission to file his first amended complaint and to reinstate the

2. Rule 428, Vernon's Texas Rules of Civil Procedure, provides: "If anything material to either party is omitted from the transcript or statement of facts, the parties by stipulation, or the trial court, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court supplying such omitted matter."

3. Rule 429, Vernon's Texas Rules of Civil Procedure, provides: "Should it be apparent during the submission or afterwards that the case has not been properly prepared, as shown in the transcript, or properly presented in the brief or briefs, or that the law and authorities have not been properly cited, which will enable the court to decide the case, it may decline to receive the submission; or, if received, may set it aside and make such orders as may be necessary to secure a more satisfactory submission

of the case; or should it appear to the court, after the submission of the cause, that the statement of facts has been prepared in violation of the rules, the court may require the appellant to furnish a correct statement of facts, and upon his failure to do so may disregard it. If the violation of the rule be flagrant, the court may disregard the statement of facts altogether, unless counsel for the appellant shall make it appear by affidavit or otherwise that he prepared a statement giving what, in his opinion, he deemed a fair presentation of the evidence, prepared in accordance with the rules, and that he was unable to get it agreed to or approved. Should counsel for appellant show that he has used due diligence to have a proper statement of facts filed, and that the statement of facts as prepared is the result of the fault of the counsel for the opposite party, such as his failure or refusal to agree to a proper statement presented to him, the costs of the statement, if ordered, shall be taxed against the appellee."

cause on the docket. With the court's permission, Hanna filed his first amended complaint. October 24, 1959, Hanna filed a motion for an order granting leave to file his first amended motion for an order setting aside the dismissal order of April 3, 1959, reinstating the case on the docket, and granting leave to file a second amended complaint. He was given leave to file this too. It covers 115 pages of the transcript. October 24, 1959, a hearing was had on the first amended motion and the second amended complaint. In the final judgment, dated December 3, 1959, the district court granted Hanna leave to file his first amended motion and second amended complaint, modified the order of April 3 to allow all of plaintiff's motions, but still dismissed the action for failure to state a claim within the jurisdiction of the court. It is apparent that the district judge gave Hanna every possible chance to stay in court.

Appellant's theory of the case is somewhat less than crystal-clear. The able district judge, who had the benefit of a pre-trial conference and of presiding over the trials on the motions to dismiss, construed the suit as an effort to relitigate the state litigation and to obtain a review of the decisions of the Texas courts and reversal of the Hanna decisions for error. Accordingly, the court below dismissed the complaint on the ground that it failed to state a claim within the original jurisdiction of the district court.

■■ A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Williams v. Tooke, 5 Cir., 1940, 108 F.2d 758, certiorari denied, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419; Hendron v. Yount-Lee Oil Co., 5 Cir., 1940, 108 F.2d 759, certiorari denied, 311 U.S. 664, 61 S.Ct. 21, 85 L.Ed. 426. Unless alleged errors constitute a deprivation of constitutional rights, they may be reviewed only by the United States Supreme Court. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362.

■■ Appellant seems to argue also that he had no chance in the Texas courts because of the conspiracy against him. He relies on Sections 1981, 1983, and 1985(2) and (3) of Title 42 U.S.C.A. and Sections 241, 242, 371, and 1503 of Title 18 U.S.C. for relief by way of civil damages. The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies. Turning to the Civil Rights Statutes, we find that Section 1981 of Title 42 U.S.C.A., although it provides all persons are entitled to equal rights under the law, has no provision for civil damages. Section 1983 affords a civil action for damages against a person who, *acting under color of state law*, deprives another of any rights, privileges, or immunities secured by the Constitution and laws. In this case, Hanna asserts his cause of action for damages against Home Insurance Company *only*. It is clear that Home Insurance Company was not acting under color of state law; Section 1983 therefore is inapplicable. Moreover, Section 1983 does not provide a cause of action for a *conspiracy* to deny due process; there must be an actual denial of due process before a cause of action arises. Jennings v. Nester, 7 Cir., 1954, 217 F.2d 153, certiorari denied, 349 U.S. 958, 75 S.Ct. 888, 99 L.Ed. 1281.

■■ The issue then is narrowed to the question whether Hanna states a complaint under Section 1985 for damages as a result of a conspiracy to deprive him of equal protection of the law. He must show a purposeful conspiracy to deny him due protection; mere errors or irregularities in the state court proceedings are not sufficient. Snowden v. Hughes, 1944, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497. Nor does every denial of a right conferred by state law involve a denial of equal protection of law. Campo v. Niemeyer, 7 Cir., 1950, 182 F.2d 115. See also McGuire v. Todd, 5 Cir., 1952, 198 F.2d 60, certiorari denied, 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 650. Moreover, as this Court stated in Dinwiddie v. Brown, 5 Cir., 1956, 230 F.2d 465, 469, certiorari denied, 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490: "Merely characterizing [defendants'] conduct as con-

spiratorial or unlawful does not set out allegations upon which relief can be granted. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497; McGuire v. Todd, 5 Cir., 198 F.2d 60; Morgan v. Sylvester, D.C.S.D.N.Y., 125 F.Supp. 380."

■ Here, the complaint characterizes the conduct of the defendant, court attachés, and certain Texas judges as conspiratorial but does not set out allegations in support of that conclusion. For example, there is no allegation as to what Home Insurance did that was unlawful or improper. There is no contention that the insurance company improperly influenced any of the judges or court attachés. The one specific contention Hanna asserted—the charge that the court reporter prepared a false record—he withdrew after a full hearing. There is nothing in the complaint showing a link, however frail, between Home Insurance Company and the other alleged conspirators. There is no attempt to connect any two of the alleged conspirators.

The complaint is a long lament for a cause that was killed by Texas courts. The appellant would have us infer that he could not have lost his case unless every judge and every court attaché who had anything to do with the case conspired with the defendant insurance company to keep him from perfecting his appeal. But as we read the applicable Texas law and as the Court of Civil Appeals read the law, the court was "powerless" to render any decision other than the "regrettable" decision it did render.[4]

We have thumbed through several thousand pages of testimony and briefs in the state litigation. We have considered all the theories of recovery advanced by appellant, whether or not referred to in this opinion. We have reviewed carefully the complaint filed in this case, and all affidavits, letters, and depositions, strictly relevant or not. We find that whatever the theory of the plaintiff's case, the complaint fails to state a claim

upon which relief can be granted. Dinwiddie v. Brown, 5 Cir., 1956, 230 F.2d 465; McGuire v. Todd, 5 Cir., 1952, 198 F.2d 60; Moffet v. Commerce Trust Co., 8 Cir., 1951, 187 F.2d 242, certiorari denied, 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618, rehearing denied, 342 U.S. 879, 72 S.Ct. 163, 96 L.Ed. 661; Campo v. Niemeyer, 7 Cir., 1950, 182 F.2d 115.

Affirmed.

---

4. See especially Matlock v. Matlock, 1952, 151 Tex. 308, 249 S.W.2d 587, relied

on by the Court of Civil Appeals in the Hanna case.