[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13699
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60742-CV-WJZ

RAYFIELD JOSEPH THIBEAUX,

                                                          Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
Michael B. Mukasey,
U.S. INSPECTOR GENERAL,
Glen A. Fine,
OFFICE OF PROFESSIONAL RESPONSIBILITY,
Marshall H. Jarrett, Counsel,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 30, 2008)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rayfield Thibeaux, a non-prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Thibeaux argues that the district court should have compelled the defendants, who are federal employees acting within the scope of their official duties, to investigate and prosecute his underlying complaints. We AFFIRM.

## I. BACKGROUND

Rayfield Thibeaux filed a pro se § 1983 action in forma pauperis in the Southern District of Florida against Alberto R. Gonzales as U.S. Attorney General, Glen A. Fine as U.S. Inspector General, and Marshall H. Jarrett as Counsel for the Office of Professional Responsibility. The complaint alleged that the named defendants violated Thibeaux's constitutional rights. In particular, the complaint cites 18 U.S.C. § 245 ("in violation of Federally Protected Activities") and 18 U.S.C. § 242 ("Deprivation of Rights") and describes how the defendants refused to investigate Thibeaux's allegations of fraud and misconduct regarding the U.S. District Court for the Western District of Louisiana, the Clerk's Office for the Fifth Circuit Court of Appeals, and two federal judges. R1-1 at 3. Specifically, Thibeaux alleged that a federal judge had wrongfully dismissed his complaint regarding a false arrest that took place in Texas, and that another federal judge had

dismissed his subsequent complaints "without any other court proceeding." Id. at 2. Thibeaux appealed these dismissals to the Fifth Circuit Court of Appeals, which "filed their own back-office opinions," affirming the lower court's dismissals. Id. Thibeaux further complains that he filed a subsequent complaint and paid the filing fee, but that the assigned judge dismissed the complaint and refused to return the filing fee to Thibeaux. Thibeaux then wrote a letter to U.S. Attorney Katherine Vincent regarding the fact that the courts had taken his money and refused to address his complaints, but he was told that "her office would do nothing about any of the suits filed." Id. at 2-3.

The Florida district court dismissed without prejudice Thibeaux's § 1983 complaint because it failed to state a claim and was frivolous, pursuant to 28 U.S.C. § 1915(e)(2). The court also denied Thibeaux's motion to proceed in forma pauperis. Specifically, the court explained that "there is no private right secured by the Constitution and made actionable through § 1983 to have a person's complaints concerning the nation's Article III Courts investigated and prosecuted by the executive branch of the government." R1-4 at 2. The district court further observed that the power to investigate and prosecute a complaint is vested solely in the executive branch and that the judiciary branch cannot compel such action. Id. at 2-3.

3

Within ten business days, Thibeaux filed a motion for judgment, a motion for crime victims' assistance and appointment of attorney, a motion to amend/correct the motion for judgment, and another motion for judgment. In his amended motion for judgment, Thibeaux alleged a conflict of interest because President George W. Bush had been governor of Texas when Thibeaux was allegedly unlawfully incarcerated there. Thibeaux also further explained his allegations of "Fraud Upon the Court," as follows: (1) the U.S. District Court in Lafayette, Louisiana, granted his motion to have the defendants served but then dismissed his lawsuit without conducting any other court proceedings; (2) another district court granted permission to Thibeaux to proceed in forma pauperis but denied his motions to have the defendants served and dismissed his complaints; (3) a district court entered an order limiting Thibeaux's ability to initiate further court proceedings by requiring him first to pay all past fees and provide a written request to file suit in that courthouse; and (4) as a result of that order, the appellate court and district court retained Thibeaux's filing fees for a subsequently filed appeal and complaint, even though those cases were dismissed. R1-8 at 1. Thibeaux explained that, when the U.S. Attorney refused to do anything about "this illegal court matter," he filed complaints with the U.S. Inspector General and the Office of Professional Responsibility; he did not receive a response from either office. Id. at

4

3.

In support of his amended motion for judgment, Thibeaux cited Federal Rule of Civil Procedure 60(b), explaining that it does "not limit the power of the court . . . to relieve a party from a judgment or order"; the Seventh Amendment, explaining that it "preserves a plaintiff's right to sue"; and Bulloch v. United States, 721 F.2d 713 (10th Cir. 1983), asserting that "[a] [f]ederal [c]ourt may investigate question as to whether there was fraud in procurement of judgment." Id. In his motion for crime victims' assistance, Thibeaux explained that he was a victim of a crime because the courts had taken his money unlawfully and had "conspired to keep [him] out of court." R1-6 at 1. He based his motion and entitlement to relief on 18 U.S.C. §§ 3771(a)(1)-(4) and 3006A(a)(1)(I), and on 42 U.S.C. §§ 10606 and 10607.

In an omnibus order, the district court denied all of these motions as moot because Thibeaux had not paid a filing fee. The district court also noted that the "Southern District of Florida is not the proper venue for filing actions concerning torts allegedly committed in Texas." R1-9 at 2. The court also addressed Thibeaux's motion for crime victim's assistance, explaining that the statutes cited by Thibeaux do not support the relief sought and do not provide crime victims with the right to a court-appointed attorney. Thibeaux filed a timely notice of appeal of

5

the district court's orders, and the district court granted his motion to appeal in forma pauperis.

On appeal, Thibeaux argues that the Department of Justice has discriminated against him and "[c]reat[ed] a [c]onflict of [i]nterest." Appellant's Br. at 5. He also asserts that the Department of Justice does not allow him a "logical way to aggrieve misconduct." Id. Thibeaux more specifically asserts that the U.S. Department of Justice investigates allegations of "treason being conducted within this country," and that the defendants refused to investigate Thibeaux's complaints, which amounts to "Fraud Upon the Court" and "One Hundred Percent Treason." Id. at 6. Thibeaux also asserts that the federal district judges named as defendants ought to have disqualified themselves from his cases as insufficiently impartial pursuant to 28 U.S.C. § 455. He implies that their failure to do so makes these judges "guilty of misprision of treason."[1] Id. at 11.

## II. DISCUSSION

The federal statute governing in forma pauperis actions is codified at 28 U.S.C. § 1915. Hughes v. Lott, 350 F.3d 1157, 1159 (11th Cir. 2003). Under 28

---

[1]Thibeaux stated in his notice of appeal that he was appealing both orders of the district court. However, a legal claim or argument not addressed in the briefs is deemed abandoned and we will not address its merits. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). Thibeaux's brief presents no argument as to why the court's omnibus order dismissing his amended motion for judgment and other motions was improper. Because he has thereby failed to address the dismissal of his motions on appeal, he has waived that claim. See id.

6

U.S.C. § 1915(e)(2)(B), a district court must dismiss an in forma pauperis action if the court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes, 350 F.3d at 1159-60. We review for abuse of discretion a district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i). Id. at 1160. "A claim is frivolous if it is without merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Civil actions against state officers for violations of federal constitutional rights are governed by 42 U.S.C. § 1983. The availability of a cause of action against federal officials for violations of federal constitutional rights was established in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S. Ct. 1999, 2004-05 (1971). Because of the similarity in the causes of action, we generally apply § 1983 law to Bivens actions. Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998). Bivens claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities. Corr. Servs. Corp. v. Malesko,

7

534 U.S. 61, 70-72, 122 S. Ct. 515, 521-22 (2001).  The Federal Tort Claims Act (FTCA) permits claims for certain negligent or wrongful actions by federal employees within the scope of their official duties.  28 U.S.C. § 1346(b)(1).  However, constitutional claims are not cognizable under the FTCA.  FDIC v. Meyer, 510 U.S. 471, 478, 114 S. Ct. 996, 1001 (1994).

The decision to investigate and prosecute crimes is entrusted to the executive branch.  United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000); U.S. Const., art. II, § 3.  Thus, the U.S. Attorney General has "broad discretion" to enforce the country's laws.  Wayte v. United States, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530 (1985).  Under 28 U.S.C. § 1361, the district court has original jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, a writ of mandamus may not control prosecutorial discretion.  Otero v. U.S. Att'y Gen., 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam) (citations omitted).

Because Thibeaux was suing federal officials, as opposed to state officials, Thibeaux's complaint asserted a Bivens action, not a § 1983 action.  See Wilson, 163 F.3d at 1288.  However, the district court's misinterpretation of Thibeaux's complaint as a § 1983 action is not problematic because we apply § 1983 law to

8

Bivens actions. See id. Thibeaux, in alleging that the defendants have failed to fulfill their official duties to investigate his allegations, is suing them in their official capacities. Because Bivens actions are only allowed against federal officers in their individual capacities, Thibeaux has no cause of action under Bivens. See Malesko, 534 U.S. at 70-72, 122 S. Ct. at 521-22.

Although the FTCA permits certain causes of action to be brought against federal officers acting in their official capacities, Thibeaux's constitutional claims are not cognizable under the FTCA. See Meyer, 510 U.S. at 478, 114 S. Ct. at 1001. Moreover, because "prosecutorial discretion cannot be controlled by a writ of mandamus," the court did not err in finding that it could not compel the defendants to investigate and prosecute Thibeaux's complaint. See Otero, 832 F.2d at 141-42.

Finally, Thibeaux has referred to 18 U.S.C. §§ 245 and 242 as bases for relief. However, these sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies. See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960). Even when we construe Thibeaux's pro se pleadings liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam), he has cited no other bases for claims of constitutional violations by the defendants.

For these reasons, even accepting as true all allegations in Thibeaux's complaint, we conclude that he has failed to state a claim upon which relief could be granted.  Accordingly, the district court did not err in dismissing Thibeaux's complaint for failure to state a claim.

## III. CONCLUSION

Thibeaux appeals the district court's dismissal of his § 1983 action. Although the district court misinterpreted the complaint as a § 1983 action rather than an action under <u>Bivens</u>, the court did not err in dismissing the complaint because Thibeaux failed to assert the violation of an existing federal or constitutional right and thereby to establish a basis for relief.  Accordingly, we **AFFIRM.**