[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

No. 09-11889
Non-Argument Calendar
_____

D. C. Docket No. 08-03583-CV-ODE-1

TAKUMA OWUO-HAGOOD,

Petitioner-Appellant,

versus

ROBERT H. SULLIVAN,
S. JAMES TUGGLE,
RISK MANAGEMENT,
et al,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 27, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Takuma Owuo-Hagood, proceeding pro se, appeals the dismissal of his civil rights complaint, 42 U.S.C. § 1983. The district court granted Defendants' motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), and dismissed the complaint because Plaintiff's claims were barred by absolute immunity. No reversible error has been shown; we affirm.

In his complaint, Plaintiff alleged that he was tried illegally for failing to maintain his lane while driving in Carroll County, Georgia. He contended that Defendant Robert Sullivan, the state court judge who presided over his trial, acted in the clear absence of all jurisdiction because Plaintiff never contracted himself into the state court's jurisdiction by hiring a lawyer, signing a traffic citation, or signing a bond agreement. Plaintiff also alleged that Defendant S. James Tuggle, the state solicitor who prosecuted his case, violated Plaintiff's constitutional rights because he failed to call the arresting officer or the victim as witnesses at Plaintiff's trial. The district court determined that Sullivan was entitled to judicial immunity and that Tuggle was entitled to prosecutorial immunity.

"We review de novo a district court's entry of judgment on the pleadings, accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party." Abdur-Rahman v. Walker, 567 F.3d 1278,

2

1280-81 (11th Cir. 2009).[1] On appeal, Plaintiff maintains that he demonstrated in his complaint that Defendants were unentitled to immunity. We disagree.[2]

Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985).

Here, Plaintiff challenged Sullivan's act in presiding over his trial, an act clearly taken in a judicial capacity. And contrary to Plaintiff's assertion, Sullivan did not act in the clear absence of all jurisdiction: under Georgia law, a state court has jurisdiction over misdemeanor cases where the underlying acts take place within the county in which the court is located. See O.C.G.A. § 15-7-4(a). Thus,

---

[1] In addition, we liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Plaintiff points to the district court's incorrect statement in its order that Plaintiff had not responded to Defendants' motion for judgment on the pleadings. Plaintiff did file a reply to Defendants' motion; but this misstatement by the district court does not bear on the disposition of this appeal. The district court clearly considered the merits of Defendants' motion, and Plaintiff presented nothing in his response showing that Defendants were unentitled to immunity.

Sullivan had subject-matter jurisdiction over Plaintiff's case and was entitled to absolute judicial immunity.

Likewise, because Tuggle, the state prosecutor, acted within the scope of his role as the government's advocate when he prosecuted Plaintiff, he was entitled to absolute prosecutorial immunity. A prosecutor is entitled to absolute immunity for all acts he takes while performing his function as an advocate for the government, including pursuit of criminal prosecution, examining witnesses, and presentation of evidence. Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Thus, Tuggle's decision about which witnesses to call was within the scope and jurisdiction of his office.[3]

Plaintiff named "Risk Management" as a party in his complaint and sought a default judgment against this party when it failed to respond to his complaint. Plaintiff maintained that Risk Management was part of Carroll County. On appeal, Plaintiff argues that he clearly named Carroll County as a party and that it was error for the district court to deny his motion for default judgment. We review the denial of a motion for default judgment for an abuse of discretion. Mitchell v.

[3]Plaintiff's argument that Defendants were not immune from suit because they committed the criminal infraction of abuse of process and, therefore, willfully deprived him of his constitutional rights in violation of 18 U.S.C. § 242 is meritless. Section 242 provides no basis for damages under section 1983. See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960).

<u>Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1316 (11th Cir. 2002).

The district court abused no discretion in denying Plaintiff's motion for default judgment. Plaintiff failed to show that Risk Management was an actual entity, failed to name Carroll County as a party to his complaint, and failed to allege wrongdoing on the part of Risk Management or Carroll County.

AFFIRMED.