[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12990
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cv-01244-GAP-KRS

MARKO MILAKOVICH,

Plaintiff-Appellant,

versus

USCIS - ORLANDO,
MARGARET IGLESIAS,
individually,
PAULINE MCGAHEY,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Marko Milakovich, proceeding pro se, appeals the district court's grant of the defendants' motion to dismiss for lack of jurisdiction and failure to state a claim, in an action alleging violations of the Fifth and Fourteenth Amendments, various provisions of the Immigration and Nationality Act ("INA"), and 18 U.S.C. § 242. On appeal, Milakovich argues that: (1) the district court incorrectly concluded that it lacked jurisdiction over: (a) his claim that the U.S. Citizenship and Immigration Services ("USCIS") violated his and his foreign-born, adopted sons' due process rights by failing to process Forms I-600 that he filed on behalf of his sons; (b) his request for a grant of citizenship to his sons, under 8 U.S.C. §§ 1401, 1431, and 1449; (c) his request for a grant of "all lost Social Security benefits" resulting from improper USCIS actions; and (d) his alternative request for a grant of legal permanent resident ("LPR") status to his sons, under 8 U.S.C. § 1255; and (2) the district court improperly dismissed his claim against two USCIS employees under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and erroneously failed to give him an opportunity to repair any deficiencies in his pro se pleadings.  After careful review, we affirm.

2

When evaluating a district court's conclusions on a motion to dismiss for lack of subject matter jurisdiction, we review the district court's legal conclusions de novo and its factual findings for clear error. Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012). We review de novo a dismissal for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th Cir. 2012). Although pro se briefs are to be liberally construed, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).[1] We may affirm on any ground that appears in the record, whether or not it was relied upon or considered by the district court. Lanfear, 679 F.3d at 1275. A complaint is subject to dismissal for failure to state a claim if it does not state a plausible claim for relief on its face. Id. The allegations in the complaint must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true. Id.

First, we are unpersuaded by Milakovich's argument that the district court erred in dismissing his claims against the USCIS. In order for a person to be deemed

---

[1] As a result, Milakovich has abandoned any claims he raised before the district court but failed to raise on appeal, including those under the Administrative Procedure Act. See Timson, 518 F.3d at 874.

a U.S. citizen at birth under § 1401, the person must have been (a) born either in the United States or to at least one U.S. citizen; or (b) found in the United States while under the age of five.  8 U.S.C. § 1401.  In order for a child adopted by a U.S. citizen parent to automatically acquire citizenship under § 1431, the child must be admitted as an LPR.  8 U.S.C. § 1431(a)(3), (b).  Section 1449 identifies the information that should be included in a certificate of naturalization.  8 U.S.C. § 1449.  The status of an alien admitted into the United States may be adjusted to that of an LPR by the Attorney General, at his discretion.  8 U.S.C. § 1255(a).  With the exception of decisions related to applications for asylum, federal courts lack jurisdiction to review a decision or action of the Attorney General or the Secretary of Homeland Security, the authority for which is specified to be in the discretion of either official.  See 8 U.S.C. § 1252(a)(2)(B); see also 8 U.S.C. § 1158(a).  Finally, § 242 is a criminal statute that provides no basis for civil remedies.  See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960);[2] see also Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (holding that a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

To begin with, regardless of whether the district court had jurisdiction over Milakovich's claims under §§ 1401, 1431, and 1449, he failed to state a claim under any of those statutes. His sons were not born either in the United States or to at least one U.S. citizen; nor were they found in the United States while under the age of five. Accordingly, Milakovich failed to show that his sons were U.S. citizens under § 1401. See 8 U.S.C. § 1401; Lanfear, 679 F.3d at 1275. Because his sons were not LPRs, Milakovich failed to show that his sons were eligible for automatically acquired citizenship under § 1431. See 8 U.S.C. § 1431(a)(3), (b). Because his sons had not yet received certificates of naturalization, he failed to establish a right to relief under § 1449. See 8 U.S.C. § 1449.

The district court also properly dismissed Milakovich's claim under § 1255, because the authority to grant an adjustment to LPR status is vested in the Attorney General, and federal courts lack jurisdiction to review this discretionary determination. See 8 U.S.C. §§ 1252(a)(2)(B), 1255(a). Because he alleged no facts establishing that his sons were eligible for social security benefits that were denied to them, the district court also properly denied relief on this claim. See Lanfear, 679 F.3d at 1275.

To the extent that Milakovich sought relief under § 242, that statute is a criminal statute that provides no basis for civil remedies. See Otero, 832 F.2d at 141;

5

Hanna, 281 F.2d at 303.  Similarly, Milakovich has identified no authority for the proposition that the defendants' alleged violations of 20 C.F.R. § 416.1618 or the USCIS Adjudicator's Field Manual provide a basis for judicially cognizable relief. Finally, to the extent that Milakovich sought relief with respect to the handling of his sons' I-600 applications, he has alleged no facts suggesting that, had the defendants processed the applications more quickly, he or his sons would have received benefits to which they were constitutionally entitled, and he does not dispute that he was no longer entitled to file the applications after his sons arrived in the United States.

Next, we reject Milakovich's claim that the district court erred in dismissing his Bivens cause of action.  Bivens allows for a claim against a federal agent who, while acting under color of federal law, has violated the constitutional rights of an individual.  See Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004).

A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after the earlier of service of a responsive pleading or of a motion under Fed.R.Civ.P. 12(b), (e), or (f).  Fed.R.Civ.P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave, which should be freely given if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.  See Fed.R.Civ.P. 15(a)(2); Hall

6

v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004). A party ordinarily must be given at least one opportunity to amend before the district court dismisses the complaint. Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). A district court need not, however, allow an amendment where it would be futile, i.e., where the complaint as amended would still be subject to dismissal. Hall, 367 F.3d at 1262-63.

In this case, Milakovich has not alleged facts sufficient to establish that either individual defendant violated his or his sons' constitutional rights. As we've discussed above, he does not dispute that he was not entitled to file I-600 applications after his sons arrived in the United States, and he has failed to explain how any delay in processing the applications while he was overseas violated his or his sons' constitutional rights. To the extent that he sought relief for the defendants' alleged failure to inform him of "corrective measures," this claim is refuted by his own admission that, after he and his sons arrived in the United States, he was instructed to file additional forms, but declined to do so.

Milakovich's argument that the district court should not have dismissed his Bivens claims without giving him another opportunity to repair deficiencies in his pro se pleadings in a third amended complaint is meritless. He has not indicated how he would have cured the remaining deficiencies in his complaint, had he been permitted

to do so, and nothing in the record suggests that another amendment would not have been futile.  See Hall, 367 F.3d at 1262-63.

   **AFFIRMED.**