[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13291
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00600-KD-M


REGINALD JOHNSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE,
THE FEDERAL BUREAU OF INVESTIGATION,
UNITED STATES POSTAL SERVICE,
POSTMASTER MEGAN BRENNAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 27, 2017)

Before ED CARNES, Chief Judge, MARCUS, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Reginald Johnson, proceeding pro se, alleges that the federal government failed to act after a third party illegally moved his mailbox.  He brought suit against several United States agencies and officials, asserting a variety of claims. The district court granted the defendants' motion to dismiss his complaint for lack of subject matter jurisdiction and failure to state a claim.  This is Johnson's appeal.

"In reviewing the district court's decision to grant the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, this Court reviews the legal conclusions of the district court de novo." McElmurray v. Consol. Gov't, 501 F.3d 1244, 1250 (11th Cir. 2007).  "We review de novo the district court's grant of a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1265 (11th Cir. 2012).  "The plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (quotation marks omitted).

We address each of Johnson's claims in turn.  First, he asserts claims under 18 U.S.C. §§ 241, 242, and 245.  Those sections are "criminal in nature and

provide no civil remedies." Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960);[1] see Love v. Delta Air Lines, 310 F.3d 1347, 1352–53 (11th Cir. 2002). As such, those claims were properly dismissed.

Second, he asserts claims under 42 U.S.C. § 1981. But that statute's text limits it to protection "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Discrimination by federal agencies and officials is not "nongovernmental" discrimination and is not discrimination "under color of State law," so a plaintiff cannot maintain a § 1981 claim against a federal agency or official. Lee v. Hughes, 145 F.3d 1272, 1277 (11th Cir. 1998). Because all of the defendants in this case are federal agencies or officials, Johnson's § 1981 claims were due to be dismissed.

Third, Johnson asserts a claim for "[m]ental [a]nguish." His claim is, in essence, that the government's failure to enforce its laws caused him mental pain. The problem is that his mental anguish claim is governed by the Federal Tort Claims Act, see O'Ferrell v. United States, 253 F.3d 1257, 1265–66 (11th Cir. 2001), and the Act shields the government from liability arising from its decisions with respect to which laws to enforce or not enforce, see Smith v. United States, 375 F.2d 243, 248 (5th Cir. 1967) (citing 28 U.S.C. § 2680(a)) (holding that the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Act "exempts the government from liability for exercising the discretion inherent in the prosecutorial function of the Attorney General"); <u>Gray v. Bell</u>, 712 F.2d 490, 513 (D.C. Cir. 1983) ("Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception.").  Because the government is immune from liability as to Johnson's mental anguish claim, that claim was properly dismissed as well.[2]

    **AFFIRMED.**

---

[2] Johnson's complaint also asserted a claim under Title VII of the Civil Rights Act of 1964.  But in his brief to this Court, he makes only a "passing reference" to that claim.  As a result, he has abandoned it.  <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 681–82 (11th Cir. 2014); <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by <u>pro se</u> litigants liberally, issues not briefed on appeal by a <u>pro se</u> litigant are deemed abandoned.") (citations omitted).

4