[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13810
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-23696-KMM

MARIAH CAREY ANDERSON,
ALEX ANDERSON,

                                                    Plaintiffs-Appellants,

versus

DESIREE PEREZ, individually and in her official capacity as manager,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Alex Anderson appeals the district court's dismissal of his civil rights complaint as frivolous under 28 U.S.C. section 1915(e)(2) and the denial of leave to amend. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Alex Anderson sued Desiree Perez both "individually and in her official capacity as manager" on behalf of himself and his "wife," Mariah Carey. Anderson also named as defendants Michael Goldfine, Carey's accountant, and a third, unidentified person that Anderson swore was Carey's attorney.

Anderson alleged that he proposed to Carey—and she accepted—on national television in 2005. From 2001 and until 2020, Anderson alleged that he lived with Carey and that they signed two fifteen-year nuptial agreements, one for 2001 until 2015 worth thirty million dollars and a second for the time period from 2016 until 2030 which was worth one hundred million dollars. But the agreements weren't valid, Anderson alleged, because they didn't "conform too [sic] New York State legal requirements" and were not "signed and/or notarized by both parties."

Anderson alleged that he "worked as a paralegal and private investigator for his spouse . . . without commission" at various points between 2007 and 2019. According to Anderson, he assisted Carey with "court filings" in civil cases in New York state and federal court, including Carey's litigation against Universal Music Group. For this work—and as Carey's "husband"—Anderson claimed he was owed

over three hundred thousand dollars from her management team under both 42 U.S.C. section 1983 and Title VII of the Civil Rights Act.

Anderson moved for in forma pauperis status and the district court screened the complaint under section 1915(e).  The district court dismissed Anderson's complaint because it was "largely incoherent" and his claim was "precisely the type of delusional claim that [section] 1915 screening seeks to avoid."  The district court dismissed the lawsuit with prejudice because giving leave to amend would be futile.

## STANDARD OF REVIEW

We review a district court's dismissal of a complaint as frivolous under 28 U.S.C. section 1915(e)(2)(B) for an abuse of discretion.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotations omitted).  We review de novo "the denial of leave to amend by reason of futility because futility is a legal conclusion that the amended complaint would necessarily fail."  L.S. ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1328 (11th Cir. 2020).

## DISCUSSION

Anderson raises two arguments on appeal.  First, he argues that the district court abused its discretion in dismissing his complaint under section 1915(e).

3

Second, he argues that the district court erred in denying him leave to amend. We disagree.

When a plaintiff moves for leave to proceed without paying a filing fee, the district court must "screen" his complaint. 28 U.S.C. § 1915(e). Section 1915(e) requires that the district court dismiss the complaint at any time if it is: (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who has immunity. Id. § 1915(e)(2)(B).

A complaint is frivolous for section 1915(e) purposes if it is without arguable merit either in law or fact. See Bilal, 251 F.3d at 1349. Claims are frivolous, the Supreme Court has explained, if they are "fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

The district court did not abuse its discretion by dismissing Anderson's complaint as frivolous. A "successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law[.]" Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). None of the three defendants—Mariah Carey's manager, her accountant, and her (unnamed) attorney—are state actors.

Title VII prohibits discriminating, in the employment context, against "any individual . . . because of such individual's race, color, religion, sex, or national

4

origin." 42 U.S.C. § 2000e-2. Anderson alleged that he was employed "as a paralegal and private investigator" by "his spouse" and worked without commission at various points between 2007 and 2019. He doesn't allege that he was employed by the named defendants. Nor did Anderson allege that he was a member of a protected class or that he was discriminated against because of his membership in a protected class. Without these allegations, the district court did not abuse its discretion in finding that Anderson's complaint was frivolous.

Anderson also argues that the district court erred by not giving him leave to amend to allege a claim under 42 U.S.C. section 1985(3) or 18 U.S.C. section 241. Although a plaintiff usually should be given leave to amend his complaint, a court need not do so if the amendment would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, amendment would be futile. Anderson's 99-page complaint and sprawling 286-page Appendix—including an affidavit from a private investigator in New York attesting that Anderson has previously been charged with stalking and that his threats should be taken seriously, a New York Family Court judgment finding that Anderson isn't married to Mariah Carey, and a doctor's note from Anderson's visit to a dentist—show that neither section 1985(3) (conspiracy to interfere with civil rights) or 18 U.S.C. section 241 (conspiracy against rights) applies to Anderson's allegations. Section 241 is a criminal statute and doesn't

provide a civil cause of action.  See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit.  They are criminal in nature and provide no civil remedies.").  And section 1985(3) requires a conspiracy to violate civil rights because of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]"  Lucero v. Operation Rescue, 954 F.2d 624, 627 (11th Cir. 1992).  Anderson hasn't alleged, either here or in the district court, whether he belongs to a protected class or how the defendants discriminated against him because of his membership in it.

**AFFIRMED.**