**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11389

Non-Argument Calendar

————————————

MICHAEL J. WRIGHT,

*Plaintiff-Appellant,*

*versus*

ELLIOTT JAMES EDWARDS,
  individual capacity,
MATTHEW A. KOZYRA,
THOMAS W. POULTON,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00196-WWB-LHP

————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Michael Wright, proceeding *pro se*, appeals the district court's dismissal of his civil-rights action under 42 U.S.C. §§ 1983 and 1985.[1] Wright alleged that Deputy Elliott Edwards violated his Fourth Amendment rights by falsely arresting and maliciously prosecuting him after a traffic stop on December 4, 2021, and that Edwards conspired with his attorneys in this case to deprive Wright of his rights under the Fourth and Fourteenth Amendments. The district court found that Wright's claims against Edwards individually were barred due to a prior judgment on the same cause of action, and that Wright failed to state a plausible conspiracy claim. Wright appeals. He argues that that the district court erred in dismissing his complaint because Edwards did not confer with him before filing the initial motion to dismiss, and because Edwards's motions to dismiss did not comply with the court's font requirements. After careful review, we affirm.

District courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). In particular, "[w]e give great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (brackets and quotation marks omitted). We will not

---

[1] Wright also purported to brings claims under 18 U.S.C. §§ 241 & 242, but these statutes "are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

interfere with a court's case management decisions unless a "litigant's rights are materially prejudiced." *Chudasama*, 123 F.3d at 1367. In other words, we cannot grant relief based on "errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

We liberally construe filings written by *pro se* parties, but we may not serve as their *de facto* counsel. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Thus, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Here, the district court did not abuse its discretion by dismissing the action. Wright maintains that Edwards failed to satisfy a local rule requiring conferral with the opposing party before filing the motion to dismiss, and that Edwards disregarded the court's standing order to use Arial font in all filings. But the district court reasonably concluded that these technical defects did not warrant such sanctions as denial of the motions to dismiss or waiver of affirmative defenses. As the court noted, the record shows that the parties ultimately conferred on the motions and that Wright "had notice of the [m]otions and a fair opportunity to respond to the substance thereof" before the court issued its ruling.

Wright's briefing wholly fails to explain how he was harmed by the belated conferral or noncompliant font. *See* Fed. R. Civ. P. 61. Particularly in light of our "strong preference that cases be heard on the merits," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (quotation marks omitted), Wright has not

established that the court abused its considerable discretion to manage its caseload and apply local rules, *see Reese*, 527 F.3d at 1267 n.22; *Chudasama*, 123 F.3d at 1366. And Wright otherwise makes no argument about, and has therefore abandoned any challenge to, the district court's reasons for dismissing his claims. *See Timson*, 518 F.3d at 874. We therefore affirm the district court's judgment.

**AFFIRMED.**